[No. 2374.   Decided December 7, 1896.]

GAVIN C. MOUAT, *Appellant*, v. SEATTLE, LAKE SHORE & EASTERN RAILWAY COMPANY *et al.*, *Respondents*.

DEED — CONSTRUCTION — CONDITION SUBSEQUENT — BREACH — FORFEITURE—ACTION TO QUIET TITLE.

A provision in a deed of land to a railroad company that "this deed is made subject to the condition that in case said land shall cease to be used for railroad purposes the same shall revert to the first parties, their heirs and assigns," grants an estate upon condition subsequent and not one upon conditional limitation.   (DUNBAR, J., dissents).

A grantor cannot obtain a decree of forfeiture of an estate for breach of a condition subsequent by an action in equity seeking to quiet his title thereto.

The failure of a railroad company for four years to use its tracks upon land, which had been deeded to it upon condition that the land should revert, in case it should cease to be used for railroad purposes, does not constitute a breach of the condition, nor show permanent abandonment, when there are no acts showing such intent other than the temporary non-user of the tracks.

Appeal from Superior Court, Spokane County.— Hon. JAMES Z. MOORE, Judge.   Affirmed.

*Adolph Munter*, for appellant.

*Carr & Preston*, for respondents :

The provision in the deed relied upon by the plaintiff is clearly a condition subsequent, namely, that if the land shall cease to be used for railroad purposes the same shall revert to the first parties, their heirs and assigns.   Such conditions are not favored in law for the reason that they tend to destroy estates, and they are always construed with the utmost strictness against the grantor.   *Peden v. Railway Co.*, 73 Iowa, 328 (5 Am. St. Rep. 680); *Mills v. Seattle etc., Ry. Co.*,

10 Wash. 522.    Not only are such conditions construed with the utmost strictness against the grantor, but a strict performance of them is never required of the grantee.    A substantial compliance is all that is necessary.   *Ellis v. Car Co.*, 97 Ind. 252;   *Crane v. Hyde Park*, 135 Mass. 147;   *Railway Co. v. Barbour*, 89 Ind. 378; *Hunt v. Beeson*, 18 Ind. 382;   *Hadley v. Manufacturing Co.*, 4 Gray, 140.    Under these rules a forfeiture of this land would result only in case the railroad company should cease to use the land for railroad purposes, with the intention never to so use it again.

There is no condition in the deed that, if the land shall cease to be used for railroad purposes for any particular length of time, it shall revert.    To make the condition operative the abandonment must be permanent.    The nature of the abandonment is not determined by the length of time during which the land shall not be used for railroad purposes, but is determined by the intention of the railroad company in respect thereto.    *Barlow v. Chicago, etc., R. R. Co.*, 29 Iowa, 276;   *McClain v. Chicago, etc., Ry. Co.*, 90 Iowa, 646;   *Gage v. School District*, 9 Atl. 387;   *Poitevent v. Supervisors*, 58 Miss. 810;   *McKelway v. Seymour*, 29 N. J. Law, 321;   *Mead v. Ballard*, 7 Wall. 290;   *Bailey v. Wells*, 82 Iowa, 131;   *Chute v. Washburn*, 44 Minn. 312; *Railway Co. v. Singer*, 49 Minn. 301;   *Railway Co. v. Birnie*, 59 Ark. 66;   *Railway Co. v. Railroad Co.*, 159 Pa. St. 331.

The object of the plaintiff's action is to defeat a fee simple estate conveyed to railroad company by the plaintiff upon a valuable and adequate consideration. By reason of an alleged breach of a condition subsequent in the deed, the plaintiff asks a court of equity to declare and enforce a forfeiture of the estate and to decree a cancellation of his deed to the company

and the reconveyance of the land to him.    In no case of a breach of a condition subsequent will a court of equity grant such relief.    The rule is laid down by the authorities that a court of equity will never lend its aid to divest an estate for the breach of a condition subsequent.    *Livingstone v. Stickles*, 8 Paige Ch. 398; *Spaulding v. Hallenbeck*, 39 Barb. 88; *Railway Co. v. Barbour*, 89 Ind. 378.    This rule is asserted even where the aid of equity is invoked on the special ground of removing a cloud from the title.    *Railway Co. v. Neighbors*, 51 Miss. 412.    In the case of a breach of such a condition, the grantor's remedy is by re-entry, and, if necessary, by an action of ejectment.    A court of equity will not in such a case declare a forfeiture or grant any affirmative relief whatever to the party claiming the forfeiture.    *Marshall v. Vicksburg*, 15 Wall. 149; *Grigg v. Landis*, 21 N. J. Eq. 500; *Crane v. Dwyer*, 9 Mich. 350; *Smith v. Jewett*, 40 N. H. 534.

The opinion of the court was delivered by

HOYT, C. J.—Plaintiff deeded to the defendant railroad corporation the property, the title to which is in controversy, and the object of this action was to remove the cloud caused by this deed, it being claimed that for a breach of the condition therein the title conveyed thereby had reverted to the plaintiff; and upon the construction of this condition the rights of the parties largely depend.

It was claimed on the part of the defendants that it was a condition subsequent, the violation of which would subject the estate to forfeiture; while the claim of plaintiff was that the deed granted an estate upon conditional limitation, which terminated immediately upon the happening of the contingency provided for, without re-entry or declaration of forfeiture.

The deed was one of general warranty and was made in consideration of the sum of $1,900, to be paid by the railroad company, and the condition was in the following language:

"This deed is made subject to the condition that in case said land shall cease to be used for railroad purposes the same shall revert to the first parties, their heirs and assigns."

No general rule can be announced under which it can be determined whether an estate is granted upon condition subsequent or upon conditional limitation, since the question must always be determined in the light of the language of the entire instrument and of the surrounding circumstances, to the end that the intention of the parties may be given effect. A deed will not be construed to have conveyed an estate upon conditional limitation, unless the intent is clear that the estate was to terminate upon a breach of the condition. There is nothing in the deed under consideration to show such intent, except that it is provided therein that the land shall revert to the grantors, and while this alone, under some circumstances, might be sufficient, it could only be so when the contingency which was to constitute a breach of the condition was of such a nature that there could be little dispute as to whether or not it had come to pass. Such was not the nature of the contingency provided for in this deed. What should amount to a cessation of use for railroad purposes was not so clearly defined as to warrant the construction contended for by the plaintiff. If for any reason the railroad should have temporarily removed its track from the premises, even for the purpose of replacing it with a better one, it might be contended that such removal constituted a breach of the conditions of the deed, for the reason that, while there was

no track upon the premises and it was not otherwise occupied for any of the business of the railroad, it was not used for railroad purposes.   Yet it is clear that it was not the intent of the parties that such a temporary cessation to use for railroad purposes should constitute a breach of the condition in the deed.   It must follow that what would constitute an abandonment of the property for railroad purposes, within the meaning of the condition in the deed, would be a question of fact as to which different minds might honestly come to different conclusions.

This being so, it is not reasonable to assume that the parties intended that the happening of this uncertain event should, without any action on the part of the grantor, reinvest the estate granted by the deed. It must be held that the deed vested in the railroad company an estate upon a condition subsequent and not upon conditional limitation.   This being so, it is settled law that a court of equity will not aid the grantor by declaring a forfeiture on account of the breach of the condition, but will leave him to such remedy as he can have at law.   This proceeding being to quiet title was of undoubted equity jurisdiction.   It follows that the plaintiff was not entitled to relief therein.

There is another reason why the complaint failed to state a cause of action.   There was no sufficient allegation of the breach of the condition.   The complaint showed that the railroad entered upon the land and constructed its tracks over the same, and there was no allegation that the track has been removed; hence it must be presumed to have been still upon the land and to belong to the railroad company.   And this being so, the general allegation that for four years and more it had ceased to use or occupy it for railroad purposes was

insufficient to show a breach of the conditions in the deed. It could not have been intended that while the tracks were maintained a failure to constantly keep such tracks in use by having at all times a railroad train thereon would constitute such breach; and this being so, it must be held that nothing short of a permanent abandonment of the use of the property for railroad purposes would amount to a breach of the condition. It is clear that failure to use it for four years for such purposes would not constitute such permanent abandonment. See *Barlow v. Chicago, etc., R. R. Co.*, 29 Iowa, 276.

Judgment affirmed.

ANDERS and GORDON, JJ., concur.

DUNBAR, J., (*dissenting*).—Conceding for the purposes of this case the application of the rule of liberal construction in favor of the grantee, I still think the facts pleaded constituted a cause of action. It is true the condition does not specify a particular time, but for that reason it must be construed to mean a reasonable time. The assertion of the appellant that the nature of the abandonment is not determined by the length of time during which the land shall not be used for railroad purposes, but is determined by the intention of the railroad company in respect thereto, smothers all investigation of the question at issue. The intention of the company can certainly be determined by its acts, and the failure of the company to use the land for railroad purposes is at least a circumstance tending to prove the intention and the nature of the abandonment, especially in view of the plain provision in the deed that in case said land shall cease to be used for railroad purposes it shall revert. The

provision is a plain one, and in my opinion its unexplained violation for four years ought to work a forfeiture of the land conveyed.