[No. 7465.  Decided February 1, 1909.]

WILLIAM AUMILLER *et al.*, *Appellants*, v. L. A. DASH *et al.*,
*Respondents.*[1]

DEEDS—CONDITIONS—BREACH.  Conditions subsequent in a deed
do not affect the estate until they are broken.

SAME—ESTATES CONVEYED—DETERMINABLE FEE.  A deed convey-
ing a determinable fee may embrace a fee upon condition, entitling
the tenant, for the time being, to all the rights of a fee simple.

DEEDS—ESTATE GRANTED—RESERVATIONS—CONSTRUCTION.  A deed
granting the undivided one-half of a strip of land one rod wide, so
long as the grantees shall use the same as a private way and for
an irrigation ditch, and further granting the right to use the other
undivided one-half of the strip for the same purposes, reserving the
right in the grantors to make common use of the strip for all pur-
poses connected with the adjoining land, conveys a determinable fee
simple title to an undivided one-half of the strip, and precludes the
grantors, during the life of the grantee's estate, from dedicating the
strip to the public as a public highway.

Appeal from a judgment of the superior court for Yakima
county, Kauffman, J., entered November 26, 1907, upon
findings in favor of the defendants, after a trial before the
court without a jury, dismissing an action for an injunction.
Reversed.

*Cull, Luse & Davis,* for appellants.

*Wende, Taylor & Delle,* for respondents.

DUNBAR, J.—On the 11th day of August, 1899, the On-
tario Land Company, a corporation, executed and delivered
unto the appellant William Aumiller a certain deed, that part
of which material to the determination of this case is as
follows:

"An undivided one half of a strip of land one rod wide,
off the west side of the northeast quarter of the northwest
quarter and off the west side of the north half of the south-

[1]Reported in 99 Pac. 583.

east quarter of the northwest quarter of section twenty-five, township thirteen, north, of range eighteen east, in Yakima county, Washington, so long as said party of the second part, his heirs and assigns and their agents and servants, and the tenants and occupiers for the time being of the north half of the southwest quarter of the northwest quarter of said section twenty-five, shall use said strip of land for a private way to and from said twenty acres, and for carrying to said twenty acres water for the purpose of irrigation, and no longer, and further granting unto said heirs and assigns during the like period and no longer, the right to use the undivided one-half of said strip not conveyed to second party, as a like private way, and as a right-of-way for an irrigation ditch, for said twenty acres, excepting and reserving unto said grantor its successors and assigns the full and free right and privilege at all times hereafter in common with all other persons who may have any rights hereunder the right to use said strip of land at all times and for all purposes connected with the use of the east half of the northeast quarter and the northeast quarter of the southwest quarter of said section 25, whether as a private way or as a right-of-way for an irrigation ditch or both or otherwise."

Afterwards the Ontario Land Company caused to be platted the said northeast quarter of the northwest quarter of said section 25, being a part of the land referred to in the said deed, into what is known as the "Ontario Land Company's Garden Lots adjoining North Yakima, Washington." Afterwards, through mesne conveyances, the respondent L. A. Dash acquired title from the said Ontario Land Company to lot 3 of its said Garden Lots. Afterwards, together with one Rasch, who was the owner of lot 5 of said Garden Lots, he caused the same to be platted into what is known as "Victoria Addition," being a subdivision of lots 3 and 5 of the Ontario Land Company's Garden Lots, and dedicated to the public the streets and alleys, including the strip of land one rod wide described in the deed from the Ontario Land Company to the appellant Aumiller. The complaint shows that the strip of land since its sale to appellants has been used in accordance with the conditions of the deed, and that, after

it had been dedicated to the public by the respondents, the respondents tore down the fences which appellants had erected to bound their right of way, and dedicated the strip as aforesaid as a public road, and that said strip of land is being used by the public as a public road to the interference with the rights of the appellants, and asks that the respondents be enjoined from interfering with appellants' rights, or destroying or tearing down their fences, and that the dedication of said land be annulled. The respondents admitted the deed above set forth, but claimed title through the Ontario Land Company, and claimed that the appellants had no interest in the land except as an easement for a right of way. The court found that the appellants have no interest in said land except the right of way, and that said right of way was not interfered with by the use of the land by the respondents; and adjudicated that the appellants had no interest in the land except an easement, that the respondents owned the land, and dismissed the suit as to the appellants.

The case here turns upon the construction of the deed from the Ontario Land Company to the appellant William Aumiller. It will be seen at a glance that the construction of this deed is a difficult task. It seems to be *sui generis,* and the ordinary canons of construction are not applicable. So that about the only thing the court can do is to carefully examine this deed and determine as best it can what was intended by the grantor to be conveyed. So examining it, we think the instrument must be construed to be a deed of the land first described, subject to the time and conditions mentioned, and these being conditions subsequent could not affect the estate conveyed until the conditions had been broken. *Spaulding v. Hallenbeck,* 39 Barb. 79, 88; *Mouat v. Seattle, Lake Shore & E. R. Co.,* 16 Wash. 84, 47 Pac. 233.

This deed conveys a determinable or qualified fee, and such a fee may embrace what is properly a fee upon condition. In discussing determinable fees, Mr. Washburn, in his work on Real Property (6th ed.), at page 80, says:

"So long as the estate in fee remains, the owner in possession has all the rights in respect to it which he would have if tenant in fee simple,"

adding certain exceptions which are foreign to this case. In *State v. Brown*, 27 N. J. L. 13, it was held that

"Where, by the terms of a conveyance to a corporation, the grantees are restricted in the use of the estate conveyed, they are nevertheless considered as owners in fee of the land while their estate continues; and although they may have no right to use the land for any other purpose than that expressed in the grant, yet they have the right to prevent any other person from using either the land, or the incidents to it, for any purpose whatever;"

citing 1 Inst. 1, b. 27 a, to the effect that by the terms of the conveyance the grantees take a qualified fee, liable to be defeated whenever they cease to use the land for the purpose specified in the grant; citing, also, Plowden, 857, where it is said:

"Yet while the estate continues, and until the qualification upon which it is limited is at an end, the grantee has the same rights and privileges over his estate as if it were a fee simple."

In *Coburn v. Coxeter*, 51 N. H. 158, it was held that:

"A conveyance of a strip of land itself, in explicit terms, with a restriction that it shall be used only for a road, is nevertheless a grant of the fee, and not of a mere easement."

So far as we are able to ascertain, this is the universal authority.

It is evident that the grantor intended to convey more by the first grant than by the second; otherwise there would have been no occasion for the second grant. The first grant conveys absolutely for certain purposes without a reservation of rights by the grantor, but in the second the grantor reserves to himself certain rights. But whatever construction may be placed upon the deed, the private right which was conveyed was property of the grantee which he had a right to use in any way he chose within the limitations prescribed

by the deed, and it was for him to determine whether the right of the public to his private right of way and his water ditch facilities would be an impairment of his rights. The respondents, therefore, had no right to dedicate this strip of land to a public use, or to interfere with appellants' use of said land in any way.

The respondents largely rely upon the case of *Reichenbach v. Washington Short Line R. Co.*, 10 Wash. 357, 38 Pac. 1126; but we think the cases are not at all parallel. There the deed considered conveyed in plainest language merely a right of way, and it was a right of way for a railroad purpose. The grantee was a railroad company, and this fact, coupled with the language of the grant, made it conclusive that the grantee intended only to convey a right of way. There was no intention in that case to decide that there could be no such thing as an estate upon condition or determinable fee. Such estates have always been recognized and must be maintained by the courts. We think the court placed a misconstruction upon the deed; but that, in any event, under the conditions expressed in the deed, the respondents had no right to in any way interfere with the estate of the appellants in the strip of land aforesaid, or to burden it with a servitude for the benefit of the public.

The judgment will be reversed, with instructions to grant the relief prayed for in the complaint.

RUDKIN, C. J., CROW, MOUNT, and FULLERTON, JJ., concur.

CHADWICK and GOSE, JJ., took no part.