[No. 32808. Department One. September 28, 1954.]

BEN L. FOWLER *et al., Appellants,* v. EDWARD B. TARBET *et al.,*
*Respondents.*[1]

*Geo. Numata* and *G. E. Lovell,* for appellants.

*Dressel & Lehan,* for respondents.

FINLEY, J.—This is an action to establish a boundary between two tracts of land, both abutting on Diamond Lake, Pend Oreille county, Washington. The Fowlers, plaintiffs, derived title to their tract under a deed wherein the land description reads:

"8.95 acres lying and being in the N.W. corner of Lot 9 in Section 1, Township 30 North, Range 44, E.W.M., being 2 acres in width (east and west), bounded on the north by Diamond Lake, and on the west by the west line of Section 1."

The Tarbets, defendants, derived title to their tract under a deed wherein the land description reads:

[1]Reported in 274 P. (2d) 341.

"Lot 9 in Section 1, Township 30, Range 44, E.W.M., Ex-CEPTING THEREFROM one certain piece of land containing 8.95 acres, heretofore sold and conveyed to Lillie M. Fowler."

The Fowlers contend that the reference in the deed (particularly in the deed first mentioned above) to quantity, that is, the reference to 8.95 acres, is controlling as against other references contained in the deed to metes and bounds. They urge, particularly, that the latter are indefinite, incomplete, and not adequate to fix the east (north to south) boundary of their tract, which is the west boundary of the Tarbets' tract.

The Tarbets contend to the contrary, emphasizing the reference in the deed (first mentioned above), reading: ". . . being 2 acres in width (east and west)," and urging that this reference to or use of the term *acre*, as a unit of lineal measurement, can and must be given meaning; that the reference is definite and adequate when considered in terms of square acres, which are 208.7 feet per side; that two acres in width (east and west) is a definite lineal measurement and fixes the boundary between the two tracts on a line 417.4 feet east of and parallel to the west line of Lot 9 in Section One, Township 30 North, Range 44, E.W.M.

If the east boundary of the Fowlers' tract is determined to be 417.4 feet from their west boundary (and parallel thereto), this would give them 7.97 acres instead of 8.95 acres, mentioned in the deeds. Obviously, this resolution of the problem rests upon an assumption that the reference to "2 acres in width (east and west)," is a definite measurement and is adequate as a significant and controlling part of an effective metes and bounds description, which, as a whole, is controlling as against the quantity reference of 8.95 acres.

■ It is the general rule that a metes and bounds description in a conveyance of real estate is controlling as against a conflicting quantity description. When there is a disagreement between the two, the metes and bounds description is construed as if it stood alone and the quantity description is treated as surplusage. *McIrwin v. Charlebois,*

38 Wash. 151, 80 Pac. 285. That portion of the metes and bounds description in the Fowlers' deed which reads, "2 acres in width (east and west)," has a clear and definite meaning only if the term *"acre"* is construed to mean the distance along one side of a square acre, or 208.7 feet.

 It is the duty of the court to construe a deed so as to give some meaning to every word, if reasonably possible. *Town of Gold Bar v. Gold Bar Lbr. Co.,* 109 Wash. 391, 186 Pac. 896. The construction here suggested accomplishes that result. When the description, "2 acres in width (east and west)," is so construed and is considered with the other portions of the metes and bounds description, a description results which delineates a tract of land two square acres in width (417.4 feet), east and west, bounded on the north by Diamond Lake, on the south by the south boundary line of Lot 9, and on the west by the section line of Section One.

The several assignments of error, directed to the findings of fact, conclusions of law, and judgment of the trial court, relate to the basic question indicated heretofore as to whether the reference, "2 acres in width (east and west)," is definite and adequate as a significant part of a metes and bounds description to be given preference over the quantity reference of 8.95 acres.

The trial court's finding of fact No. V reads as follows:

"The tract or parcel of land lying and being in the County of Pend Oreille and State of Washington, and described as follows, to wit:

" '8.95 acres lying and being in the NW corner of Lot 9 in Section 1, Township 30 North, Range 44 E.W.M., being 2 acres in width (East and West) bounded on the North by Diamond Lake and on the West by the west line of said Section 1'

is controlled by the metes and bounds description, which is readily ascertainable and is definite and certain. '2 acres in width' would be a distance of 417.4 feet east of the west line of Section 1. Said metes and bounds description therefore follows the west line of Section 1 from the northwest corner of Lot 9 to the southwest corner of Lot 9 in Section 1, thence east 417.4 feet along the south boundary line of Lot 9, thence in a northerly direction to the intersection with the high water level of Diamond Lake on the north, said

line to cross the meander line at a point 417.4 feet east of the west line of said Section 1, thence along the high water level of Diamond Lake to the northwest corner of Lot 9."

The evidence does not clearly preponderate against the above finding of the trial court; consequently, it establishes the facts of this case. The conclusions and judgment of the trial court are consistent with the findings. We think that no significant error has been pointed out by appellants.

An affirmance of the trial court is hereby ordered.

GRADY, C. J., MALLERY, HAMLEY, and OLSON, JJ., concur.