[No. 1685-1. Division One. August 6, 1973.]

ARTHUR HODGINS *et al., Appellants,* v. THE STATE OF WASHINGTON *et al., Respondents.*

*Westmoreland, French & Meagher* and *Joseph Meagher,* for appellants.

*Slade Gorton, Attorney General,* and *James B. Wilson, Senior Assistant,* for respondents.

SWANSON, C.J.—Appellants, successors in interest to the original grantors of certain real property, appeal from a summary judgment dismissing their quiet title action against the respondents State of Washington ("State") and the University of Washington ("University"), which were named as grantees in four deeds to the property in question.

The deeds executed in the 1930's conveyed a determinable fee estate in the state to 160 acres of Snohomish County forest land, referred to herein as "Lee Forest." Each of the deeds contained the following limitation in its granting clause:

> To have and to hold said land only so long as the same shall be allocated for the use of the College of Forestry of the University of Washington for forestry experimental purposes under the exclusive direction and control of the Board of Regents of the University of Washington; it being the intent of the grantors herein to vest in the State of Washington an estate in determinable fee in said land which shall terminate upon the allocation of said

land for any purposes other than those herein described. Appellants alleged in their complaint:

That the College of Forestry of the University of Washington is not using the land described in said deeds for forestry experimental purposes under the exclusive direction and control of the Board of Regents of the University of Washington,

and asked for a decree quieting title in them.

It is not disputed that in 1969 the University's Board of Regents executed a license agreement with Cathcart Elementary School ("Cathcart") located near Lee Forest, in which the University "gives permission . . . to Cathcart to enter and use Lee Forest for the purposes of an outdoor instructional and educational area . . ." on terms and conditions which included Cathcart's agreement that it would not "change or alter any part of Lee Forest without the prior written permission of the Dean of the College of Forest Resources . . ." In its order granting summary judgment, the trial court held that the license agreement, contrary to appellants' contention, did not constitute an allocation of Lee Forest prohibited by the deeds, and that uncontroverted affidavits show that the land, in fact, has been allocated for forestry experiments. The court also determined that even if the license agreement were a technical violation of the deeds, it was de minimis and hence not sufficient to cause a reversion to the appellants. Accordingly, the court concluded that there was no issue of material fact, and granted summary judgment. This appeal followed.

Appellants assign error to the conclusions reached by the trial judge in granting judgment of dismissal, and essentially argue that the trial court incorrectly dismissed their action because (1) the terms of the license agreement with Cathcart created a question of material fact as to whether it amounted to an allocation of Lee Forest prohibited by the deeds; (2) the license agreement was, as a matter of law, an allocation of the forest land for a purpose other

than those permitted by the deeds, causing an automatic reversion of the property to appellants; and (3) the de minimis rule does not apply to determinable fee estates where reversion to the grantor is self-executing, as distinguished from an estate in fee on condition subequent where the property reverts to the grantor only when he exercises his right of reentry upon breach of the condition.

█ When no genuine issue exists as to any fact upon which the outcome of a litigation depends, and a party is entitled to judgment as a matter of law, summary judgment may be granted. CR 56; *Capitol Hill Meth. Church v. Seattle,* 52 Wn.2d 359, 324 P.2d 1113 (1958); *see Balise v. Underwood,* 62 Wn.2d 195, 381 P.2d 966 (1963); P. Trautman, *Motions for Summary Judgment — Their Use & Effect in Washington,* 45 Wash. L. Rev. 1 (1970). The respondents State and the University as the moving parties have the burden of establishing the absence of any genuine issue of material fact. *Hudesman v. Foley,* 73 Wn.2d 880, 441 P.2d 532 (1968); *Preston v. Duncan,* 55 Wn.2d 678, 349 P.2d 605 (1960).

Respondents' motion for summary judgment was accompanied by supporting affidavits which recited facts indicating that since the original grant, a substantial number of long-term and continuing forestry experiments have been and are in progress in Lee Forest. The affidavits also support respondents' position that the use by Cathcart is a limited use not inconsistent with the College of Forest Resources'[1] experimental uses and which, to some extent, is supportive of such forestry experimental uses. The affidavit of Ernest M. Conrad, vice-president for business and finance at the University, states that he executed the license agreement with Cathcart upon the recommendation of the Dean of the College of Forest Resources with the understanding and belief that the use authorized by the agreement in no way interfered with, hindered, or was inconsistent with the allocation of Lee Forest for experimental purposes, and

[1]The College of Forest Resources is successor to the College of Forestry at the University.

that the agreement left the control and supervision of Lee Forest in the College of Forest Resources. In addition, the affidavit of James S. Bethel, Dean of the College of Forest Resources, states that the uses permitted to Cathcart affirmatively contribute to the forestry experiments conducted by the College of Forest Resources.

■ The facts alleged by the respondents' affidavits in support of their motion for summary judgment required the appellants to respond with specific facts disclosing a genuine issue of material fact. *Washington Osteo. Medical Ass'n v. King County Medical Serv. Corp.*, 78 Wn.2d 577, 478 P.2d 228 (1970); *W.G. Platts, Inc. v. Platts*, 73 Wn.2d 434, 438 P.2d 867, 31 A.L.R.3d 1413 (1968). Appellants filed two affidavits, but neither controverts the facts stated by Mr. Bethel and Mr. Conrad in their affidavits; rather, they assert essentially that the development of property around Lee Forest has led to trespassers, hikers, hunters, and others whose use of the forest has resulted in littering and created conditions which make it impossible to leave expensive forestry experimental equipment on the tract. Thus, the affidavit of Henry A. Harrison, a 1935 graduate of the University of Washington College of Forestry, states that use of the forests for class and laboratory teaching, and practice in forestry techniques does not constitute experimental work. He then gives his opinion that the license granted by the University to Cathcart is not "a forestry experimental purpose within the contemplation of the parties in the 1930's and that it is a substantial violation of the terms of the Deeds." The affidavit of Olin A. Lee is to similar effect.

■ Appellants' affidavits not only fail to controvert the facts asserted by respondents' pleadings and affidavits, but they do not include specific facts based on personal knowledge creating admissible evidence, as required by CR 56(e), and so do not indicate any issue of material fact. Therefore, we need only decide whether the respondents are entitled to judgment as a matter of law, based on the

uncontroverted facts set forth in their affidavits. *Balise v. Underwood, supra.*

In granting judgment as a matter of law, the trial judge properly considered the evidence and all inferences from it most favorably to the nonmoving party. His order states in part:

> [A]ssuming the facts were decided most favorably to the claimants and that the license agreement to Cathcart School was not for forestry experimental purposes, the complained of license agreement did not constitute an allocation of Lee Forest prohibited by the deeds to the Defendants . . .

We agree. The facts asserted by appellants showing unauthorized entry and use of the land are not material facts because they have no bearing on the question of allocation of the land for prohibited purposes—the fundamental issue before us. Such facts having no bearing on the outcome are not material facts and need not be considered further. *Capitol Hill Meth. Church v. Seattle, supra.*

The only material fact, then, is the existence of the license agreement granted to Cathcart. Such fact is material to determine the extent to which it affects the limitation contained in the deeds, but the resolution of such question is a matter of law and not, contrary to appellants' contention, an issue of fact for the jury to decide. This is so, especially, because the trial court's consideration of the effect of the license agreement with Cathcart upon the limitations created by the deeds included the assumption that the license agreement was *not* for forestry experimental purposes.

Appellants argue, however, that as a matter of law, the license agreement amounts to an allocation of Lee Forest for purposes contrary to the limitations contained in the deeds which causes an automatic reversion of the estate to the grantors. In developing this argument appellants cite *Fort Worth v. Burnett,* 131 Tex. 190, 114 S.W.2d 220 (1938); *Union Missionary Baptist Church v. Fyke,* 179 Okla. 102, 64 P.2d 1203 (1937); *Howe v. Lowell,* 171 Mass.

575, 51 N.E. 536 (1898), but the cited cases all involve deeds with restrictive language such as "use for no other purpose," or "to be used exclusively," rather than the word "allocation." Such authorities are inapposite to the instant case. A basic flaw in appellants' argument is the assumption that "allocation" is synonymous with "use." *Webster's Third New International Dictionary* (1964) defines "allocate" in part:

> 1: to apportion for a specific purpose or to particular persons or things . . . as a: to give (a share of money, land, or responsibility) . . . c: to apportion and distribute . . . d: to deal out . . . according to an allowance schedule . . . 2: to set apart and earmark or designate: ASSIGN . . .

Appellants fail to distinguish between "allocation" and "use" when they argue in their brief:

> If anyone allocates or uses the land for any purpose other than forestry experimental, then the fee reverts to the grantors.
> This land was granted for a very limited purpose—forestry experimental; no other use could be made of this property . . .

■■ In the construction of a deed, a court must give meaning to every word if reasonably possible. *Fowler v. Tarbet*, 45 Wn.2d 332, 274 P.2d 341 (1954). Further, in the construction of a deed a court is required to carry out the real intention of the parties and, as stated in *Healy v. Everett & Cherry Valley Traction Co.*, 78 Wash. 628, 633, 139 P. 609 (1914), "[i]f a deed admits of more than one construction, it must be construed most strictly against the grantor, and most favorably to the grantee." In selecting the word "allocation" to define the qualification of the estate granted by the deeds, the grantors in the case at bar revealed their intentions. The words "allocated for the use of the College of Forestry . . . for forestry experimental purposes . . . which shall terminate upon the allocation of said land for any purposes other than those herein described," can only mean that the grantors required the

University to "set apart," "designate," "assign" or "allot" Lee Forest for forestry experimental purposes.

It is not disputed that the University College of Forestry did, in fact, "allocate," "allot," "assign" Lee Forest for forestry experimental purposes and that forestry experiments are continuing upon the property, pursuant to the original allocation. The license agreement with Cathcart permitted a use of the property which the trial court assumed, for the purpose of its decision, was not for forestry experimental purposes; nevertheless, the agreement did not amount to an allocation of the property for a prohibited purpose, because the license agreement did not include the "allotment," "allocation," or "designation" of Lee Forest for the purpose of permitting Cathcart to use it for nonforestry experimental purposes. Instead, the license agreement gave only a limited permission to Cathcart to use the property in a manner consistent with the University's allocation of the same property for forestry experimental purposes. Further, the grant of a license to Cathcart did not convey any interest or right in the land and did not divest the exclusive control of the land which remains in the Board of Regents.

Moreover, it is apparent that if the grantors had intended a more restrictive limitation or qualification than is meant by the word "allocation," they specifically could have provided for a meaning such as that urged by appellants by stating in the deeds that the grantees' estate "shall terminate upon the *use* of the land for any purposes other than those herein described," or by using other language of like effect. As to the clause which actually appears in the deeds, it is significant that the word "use" is not included, but the clause instead states that the estate "shall terminate upon the *allocation* of said land for any purposes other than those herein described." (Italics ours.) Our view in this regard is further buttressed by the language of the license agreement which provides that Cathcart

> shall not conduct classes or allow any individual or group to use any portion of Lee Forest until the said Dean of the College of Forest Resources, or his designee, shall

have given written permission to use certain designated portions thereof which will not be inconsistent with current or future uses by the University.

■ Finally, it must be noted that a conveyance of land includes the entire estate in the land, even though it may restrict its use or allocation. *Loose v. Locke,* 25 Wn.2d 599, 171 P.2d 849 (1946). In this connection, the following language appears in *King County v. Hanson Inv. Co.,* 34 Wn.2d 112, 118, 208 P.2d 113 (1949).

> As stated in 4 Thompson, Real Property (Perm. ed.) 709, § 2171, a determinable or qualified fee has all the attributes of a fee simple, except that it is subject to be defeated by the happening of the condition which is to terminate the estate, the grantor retaining at most a mere possibility of reverter.

(Citation omitted.) In *Aumiller v. Dash,* 51 Wash. 520, 522, 99 P. 583 (1909), it was held that a determinable fee "may embrace what is properly a fee upon condition," and the court quoted with approval E. Washburn, *Real Property* 80 (6th ed. 1902): " 'So long as the estate in fee remains, the owner in possession has all the rights in respect to it which he would have if tenant in fee simple . . .' " In 4 G. Thompson, *Real Property* § 1871, at 548 (4th ed. 1961), it is stated: "The determinable fee has all of the rights of a fee simple absolute as long as the event which terminates it does not occur. So the present owner has the right of use and control of the property."

Thus, under the provisions of the deeds here in question, the grantee State may permit uses of the property as if it holds the estate in fee simple, so long as such permissive uses do not amount to the event which would determine the estate and cause reversion—allocation of Lee Forest for a purpose other than forestry experimentation. A use neither inconsistent with, contrary to, nor rendering impossible the allocation of the property for forestry experimentation could not amount to the event which would terminate the estate, according to the description of such event in the deed itself. We conclude that the limited permission

or license given by the respondents to Cathcart, considered in light of all reasonable inferences drawn most favorably to the appellants, does not permit reasonable men to reach any other conclusion than that the license agreement to Cathcart does not amount to an allocation for purposes other than those described in the deed, and therefore the trial court correctly granted respondents' motion for summary judgment. *See Wood v. Seattle*, 57 Wn.2d 469, 358 P.2d 140 (1960).

In view of the conclusion we have reached herein, we do not reach other issues presented by this appeal.

Judgment affirmed.

HOROWITZ and WILLIAMS, JJ., concur.