[No. 8623.    Department Two.    July 26, 1910.]

CENTRAL CHRISTIAN CHURCH, *Respondent*, v.
EUGENE LENNON, *Appellant*.[1]

EASEMENTS—DEEDS—FORFEITURES—CONSTRUCTION. The grant of a "right of way" fourteen feet wide, on condition that it shall be forfeited if the grantee erect any structure of any kind or fence or place any material or obstruction on said right of way other than the construction and repair of walks, is not limited to a walk for footmen; and the same would not be forfeited by the placing thereon of forty or fifty loads of earth for making the same more accessible and convenient for a driveway and which was not an obstruction; since forfeitures are to be strictly construed, and the violation of a condition must be wilful and substantial and not merely technical.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered July 14, 1909, in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for an injunction, and for damages.    Affirmed.

*Dunphy, Evans & Garrecht*, for appellant.
*Sharpstein & Sharpstein*, for respondent.

MOUNT, J.——About December, 1902, the appellant sold to one L. J. Bierwagon a tract of land in the city of Walla Walla. The easterly part of this tract of land or lot fronted on Palouse street. Appellant owned land to the west of the lot sold to Mr. Bierwagon, and at the time of the sale appellant also sold to Mr. Bierwagon a right of way over a strip of land fourteen feet wide, adjoining the lot mentioned on the west. This strip of land over which the right of way was granted did not connect with streets at either end, but between the southerly end of this granted right of way and Alder street, a street to the south, the appellant had an easement over a V-shaped lot owned by one L. F. Anderson, which V-shaped lot was in parking and cement walks. The instru-

[1]Reported in 109 Pac. 1027.

ment conveying the easement from appellant to Bierwagon contained the following recital:

"Upon the condition that neither the party of the second part, his heirs or assigns, shall at any time erect any structure of any kind or fence or place any material or obstruction on said right of way or any portion thereof, other than a construction and repair of walks, and that if at any time any of the aforesaid conditions are violated in any way the party of the second part, his heirs or assigns, shall forthwith and without action or suit forfeit all right to the aforesaid described right of way and his or their interest, and all thereof in and to the same shall forthwith revert to and be vested in the parties of the first part, their heirs and assigns."

Thereafter this right of way was used in common by the appellant and Bierwagon, as a means of access from Alder street to the rear of the property owned by each of them. After the purchase of this property, Mr. Bierwagon conveyed all his interest to one Dixon, who erected a large barn upon the lot facing upon Palouse street. It is claimed by the appellant that this barn projected over the fourteen-foot right of way some three or four inches. This fact, however, was disputed. Mr. Dixon used the right of way for the purpose of hauling hay and other things to the rear of his barn. He also placed some forty or fifty loads of earth on the right of way, in order to fill in a depression so that a wagon could be more readily driven in or backed out over the right of way. This filling in was done while appellant was away from his home, but he was informed thereof upon his return. There is dispute in the evidence as to whether appellant made objection upon learning thereof. At any rate, the way was used thereafter as formerly, and Mr. Dixon promised that, if the fill was in the way, he would remove it when appellant desired to build upon his adjoining land to the west. Later Mr. Dixon entered into an agreement to sell the lot and his interest in the right of way to the Central Christian Church. Thereafter appellant notified Mr. Dixon and the trustees of the church that all interest in the right of way was forfeited

to the appellant, and he thereupon entered upon the strip of land and commenced to excavate thereon. The Central Christian Church thereupon brought this action to restrain the appellant from so doing, and for damages. Upon a trial of the case the trial court found in favor of the plaintiff, and entered a decree substantially as prayed for in the complaint. The defendant has appealed, claiming that the projection of the barn upon the right of way and the placing of dirt thereon had forfeited the use of the right of way.

We think the evidence fails to show that the barn projected upon the right of way, and shall not consider that question further. The grant of the right of way provided that the purchaser "shall not at any time erect any structure of any kind, or fence or place any material or obstruction on said right of way or any part thereof other than the construction and repair of walks." Appellant argues that the use granted was for a walk and nothing more, but the deed of grant does not so restrict the use. The width of the right of way and its position would indicate that it was for any usual use, such as an alley or driveway, and it was used for that purpose from the beginning. Unless the use was specifically defined and limited by the grant to a walk for footmen, it would not be so construed when it was wide enough and so located as to indicate that it was for general use as such ways are usually and customarily used. The mere fact that permission was granted to place materials thereon and obstruct the way to repair walks does not necessarily indicate that the way was to be used exclusively for such walks. We are also of the opinion that the placing of forty or fifty loads of earth on the right of way did not forfeit the same. It is not claimed that the placing of this earth on the right of way was an obstruction to its use. At any rate the evidence is clear that no such obstruction was created thereby. In fact, the earth was placed there for the purpose of making the way more accessible and its use more convenient, and it appears to have done so. The forfeiture clause in a deed

must always be strictly construed against the grantor, and nothing will be held to cause a forfeiture unless it plainly appears to be such. 17 Cyc. 89; 2 Devlin, Deeds, § 793. In order to justify a forfeiture for the violation of the condition, the violation must be wilful and substantial and not merely technical. *Mills v. Evansville Seminary*, 58 Wis. 135, 15 N. W. 133; *Rose v. Hawley*, 141 N. Y. 366, 36 N. E. 335. The apparent object of the restriction in this case was to prevent obstructions upon the right of way. It certainly was not intended that no improvements should be made upon the right of way so that it might be made more useful as such; especially when the way was not obstructed in order to do so. The language of the condition as expressed in the deed indicates very plainly that no obstructions shall be made except in the repair of the walk. Improvements which do not obstruct the way are not prohibited.

The judgment appealed from was right, and it is therefore affirmed.

RUDKIN, C. J., CROW, PARKER, and DUNBAR, JJ., concur.