[No. 15506.   Department Two.   January 12, 1920.]

Town of Gold Bar, *Respondent*, v. Gold Bar Lumber Company *et al.*, *Appellants*.[1]

Deeds (25-1-31)—Construction—General Rules. In ascertaining the intent of a deed some meaning should be given to every expression, if it can reasonably be done, not inconsistent with the general intent, and if ambiguous, the construction given by the parties may be considered.

Same (34)—Property Conveyed. A water deed of "the right of way and pipe line or gravity system" of the grantor within the corporate limits of a city does not include service pipes outside the city limits, used by the grantor in connection with its mill; "or gravity system" being merely synonymous with right of way and pipe line within the city, especially where the parties had so construed the deed.

Same (45)—Exceptions—Operation and Effect. In a water deed, conveying a right of way across a school section, an exception of the school section from the warranty clause does not operate to exclude things not contained within the description actually sold.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered August 27, 1918, upon findings in favor of the plaintiff, in an action for conversion, tried to the court. Reversed.

*Peters & Powell,* for appellants.

*Cooley, Horan & Mulvihill,* for respondent.

Mount, J.—This action was brought to recover the value of certain pipes and water connections, alleged

[1] Reported in 186 Pac. 896.

to have been converted by the defendants. The case was tried to the court without a jury, and resulted in a judgment in favor of the plaintiff for $275. The defendants have appealed.

The facts are as follows: The Gold Bar Lumber Company owns and operates a large sawmill outside of the corporate limits of the town of Gold Bar, in Snohomish county, this state. Prior to the 23d day of September, 1913, the Gold Bar Lumber Company had constructed a gravity water system through which it furnished water to its mill plant and then to the inhabitants of the town of Gold Bar. On the 23d day of September, 1913, the Gold Bar Lumber Company sold and conveyed its gravity water system to the Gold Bar Light and Water Company, a corporation. The deed of conveyance described the property conveyed as follows:

"The water rights on Olney creek; the right of way and the pipe line or gravity water system located and situated on the northeast quarter (NE¼) of section thirty six (36) tp. twenty eight (28)—range eight (8) —thence through [Here follows a description of a number of Government lots and quarter sections in section 31, township 28, range 9, and a number of quarter sections in section 6, township 27, range 9, through which the pipe line runs]—to corporate limits of the town of Gold Bar, thence on Railroad avenue east to the intersection of Eighth street, and on First street from the intersection of Railroad avenue north to Lewis avenue, thence on Lewis avenue east to Fifth street, thence south on Fifth street to Railroad avenue, intending hereby to convey all the pipe lines, right of way and hydrants of said gravity water system within the corporate limits of the town of Gold Bar, Snohomish county, Washington.

"Together with the tenements, hereditaments and appurtenances thereunto belonging to or in anywise appertaining.

"To have and to hold the said premises, with the tenements, hereditaments and appurtenances unto the said party of the second part, its heirs and assigns, forever."

Then follows the usual warranty, from which is excepted a portion of the lands in section 36. The Gold Bar Light and Water Company operated the plant until the 21st day of June, 1917, when, by bill of sale and warranty deed, it sold and conveyed the water system to the town of Gold Bar. While the plant was being operated by the Gold Bar Light and Water Company, that company refused to make any repairs to the pipe lines within the Gold Bar Lumber Company's yards. On one occasion, when there was a leak in the main pipe line, the water company made the repair, but refused to make repairs to pipes leading from the main line within the yards of the Gold Bar Lumber Company. In the month of February, 1918, the Gold Bar Lumber Company dug up and removed certain pipes and water connections within their yards and converted these water pipes and connections to their own use. The town of Gold Bar then brought this action to recover the value of the pipes and connections so dug up by the Gold Bar Lumber Company, claiming to own the same. The trial court was of the opinion that the pipes, connections and hydrants within the yards of the Gold Bar Lumber Company were a part of the system, and for that reason gave judgment in favor of respondent.

Respondent contends that the intent of the parties must primarily be gathered from a fair consideration of the deed, and the language employed therein should be consistent with the terms of the deed, including its scope and subject-matter; that the object, in construing the deed, is to ascertain the intention of the par-

ties, especially that of the grantor; that some meaning
should be given to every word, clause and expression,
if it can reasonably be done and if it is not inconsistent
with the general intent of the whole instrument, so that
the deed may operate according to the intention of the
parties; that where a deed is of doubtful meaning, or
the language used is ambiguous, the construction given
by the parties themselves, as elucidated by their con-
duct or admissions, will be deemed the true one unless
the contrary be shown. We think this is the correct
rule to be followed in construing the deed. With this
rule in mind, let us consider the provisions of the deed
from the Gold Bar Lumber Company to the Gold Bar
Light and Water Company; for, if the Gold Bar Light
and Water Company did not acquire from the Gold
Bar Lumber Company the service pipes, connections,
hydrants and stand pipes within the yards of the Gold
Bar Lumber Company, then the town of Gold Bar did
not acquire them, because the town acquired no greater
interest than the Gold Bar Light and Water Company
had. It will be noticed that the deed from the Gold Bar
Lumber Company to the Gold Bar Light and Water
Company contained several items of description—

First: "The Water Rights on Olney Creek;"

Second: "the Right of Way and the Pipe line or
Gravity Water System located . . ."

Third: "intending hereby to convey all the pipe
lines, Right of Way and Hydrants of said Gravity
Water System within the corporate limits of the town
of Gold Bar, Snohomish county, Washington."

The respondent argues that the words, "or Gravity
Water System," used in the second description above
set out, include the whole system—everything in con-
nection with it; that this phrase is broad enough to
cover every article connected with the water plant.
This, no doubt, would be true ordinarily, but in this

description the words used are as follows: "the Right of Way and the Pipe line or Gravity Water System." We think the use of the words "or Gravity Water System" was simply another way of describing the right of way and the main pipe line. This right of way and pipe line was the source of supply of water. It constituted a gravity system. That is to say, the water was supplied to the town by gravity flow through this pipe line. We think it does not necessarily follow from the use of the words "or Gravity Water System," as here used, that anything more than the pipe line and right of way was meant. Furthermore, in the latter part of the description it is said:

"intending hereby to convey all the pipe lines, Right of Way and Hydrants of said Gravity Water System within the corporate limits of the town of Gold Bar, . . ."

If the contention of the respondent is correct, that the second description, as follows: "the Right of Way and the Pipe line or Gravity Water System," included the whole system, then the words in the subsequent part of the description: "within the corporate limits of the town of Gold Bar," were entirely superfluous. We think it is clear that the meaning of this deed was that the grantor conveyed the water rights on Olney creek, the right of way and pipe line of the system, and all the pipe lines, right of way and hydrants of the gravity water system within the corporate limits of the town of Gold Bar, and did not include the service pipes used by the Gold Bar Lumber Company within its yards. The evidence shows without dispute that, after this deed was made, the parties construed it as not conveying the distributing system within the lumber company's yards, because the Gold Bar Light and Water Company, after it acquired title, refused to repair pipe lines leading from the main line within the

yards of the lumber company. This was a practical construction by the parties to the original deed, and, we think, under the circumstances of the case, should have controlled the construction of the deed.

The respondent makes the point that there was one exception in the deed, to the effect that the grantor excepted section 36 from the warranty clause; that if there were any other exceptions they would have been stated in the deed. Ordinarily it is true that, where there is an exception of one thing, it will be presumed that other things are not excepted; but here the grantor was conveying the right of way across a school section. That was excepted from the warranty of the right of way. We are of the opinion that this exception did not operate to include things not contained within the description of the property actually sold. We are of the opinion, therefore, that the distributing system within the appellant's yards was not included in a description of the property sold.

The judgment appealed from is therefore reversed and the cause ordered dismissed.

HOLCOMB, C. J., TOLMAN, FULLERTON, and BRIDGES, JJ., concur.