[No. 6444-1. Division One. May 21, 1979.]

H. ELDRIDGE CARR, *Respondent,* v. BURLINGTON
NORTHERN, INC., *Appellant.*

*Lawrence D. Silvernale,* for appellant.

*David A. Nichols,* for respondent.

ANDERSEN, J.—

FACTS OF CASE

At issue in this case is the right of a grantor's successor to repurchase land which had ceased to be used for a railroad right–of–way, which land the grantor had conveyed to a railroad in 1899 for right–of–way purposes.[1]

---

[1]Although this action was filed by the plaintiff–respondent individually, the record reflects that at the trial he was also acting on behalf of the other heirs or assigns as well, and the judgment of the trial court ordered the property conveyed

By warranty deed, the grantor conveyed the fee to the 9 1/3 acres of property in question to a railroad to be used for purposes of a railroad right–of–way.[2] The deed provided that if the right–of–way was ever abandoned and ceased to be used as a railroad right–of–way, then and in that event the grantor or the grantor's successor would have the right within 6 months after such abandonment to repurchase the property.[3] Nothing in the deed or elsewhere specified what notice, if any, was to be given to the grantor

to him "as Trustee for the successors in interest of Teresa Eldridge." For convenience, however, we refer to plaintiff–respondent in the singular as the grantor's successor.

[2]The granting clause of the deed reads:
THE GRANTOR, Teresa Eldridge, of the City of New Whatcom, Whatcom County, Washington, for and in consideration of the sum of one thousand dollars ($1000.) in hand paid, conveys and warrants to the Bellingham Bay & Eastern Railroad Company, a corporation under the laws of the State of Washington, having its office and principal place of business in the City of New Whatcom, Whatcom County, Washington, the following described real estate.
A tract of land one hundred feet wide, [metes and bounds description deleted].
Compare Zobrist v. Culp, 18 Wn. App. 622, 629–31, 570 P.2d 147 (1977) wherein we held that the granting clause there used passed only an easement for a railroad right–of–way and not the fee.

[3]The repurchase clause of the deed reads:
The real estate herein conveyed is to be used for the purpose of right of way for a railroad, and it is expressly understood and agreed by and between the Grantor and Grantee herein, that if said right of way or any portion thereof shall ever be abandoned and cease to be used for purposes of right of way for a railroad, by the Grantee its successors or assigns, then and in that event the Grantor herein, her heirs, executors, administrators or assigns, shall have the right to repurchase such portion of said right of way, so abandoned and ceased to be used, within six months after such abandonment, by paying to the Grantee herein for any portion so abandoned, the same consideration per acre as expressed in this deed, on an acreage basis of eleven and eighty seven hundredths (11.87) acres. That is to say, eighty four dollars and twenty five cents ($84.25) per acre, together with interest thereon at the rate of six per cent per annum from and after the date of this instrument.
We have here quoted the deed itself which is an exhibit in this case, rather than as it is somewhat differently worded in the trial court's findings of fact. See In re Estate of Larson, 71 Wn.2d 349, 354, 428 P.2d 558 (1967).

or the grantor's successor in the event the right-of-way was abandoned.

It was in 1899 that the grantor deeded the property, at that time a part of the City of New Whatcom, to the Bellingham Bay & Eastern Railroad Company. A railroad was thereafter built across it by the original grantee. In 1912, the grantor's heirs conveyed all of the grantor's rights in the property, as the trial court found, to a corporation which ultimately, in 1940, wound up its affairs and dissolved. Burlington Northern, Inc., is the successor in interest to the original grantee, and the property is now in the city of Bellingham.

The grantee's successor ultimately ceased using the right-of-way for a railroad. By March 31, 1972, the tracks and the railroad bridge on the property had been removed and the grantee's successor had ceased and abandoned all railroad operations on the property.

The grantee's successor did not seek out the original grantor's successor or give him notice that it had abandoned railroad operations on the property. The grantor's successor did not learn of the abandonment or the right of repurchase until August of 1976 when a title search by an abutting landowner uncovered the repurchase clause in the 1899 deed. The grantor's successor thereupon brought this action against the grantee's successor primarily seeking specific performance of the repurchase clause in the deed.

Following a trial to the court, the trial court found the foregoing as facts. The trial court then concluded therefrom that the grantor's successor should have been given notice of the abandonment and cessation of use of the property as a railroad and that the removal of the tracks and railroad bridge did not constitute such notice. The trial court also concluded that since the grantor's successor had tendered the repurchase price to the grantee's successor, the grantee's successor was required to reconvey the property to him free of all encumbrances. A decree of specific performance was entered accordingly.

The appeal of the grantee's successor, Burlington Northern, presents one ultimate issue.

## ISSUE

Did the trial court err in requiring the grantee's successor to reconvey the property in question to the grantor's successor based on the repurchase clause in the deed?

## DECISION

CONCLUSION. We hold that the trial court did err in decreeing specific performance, because the grantor's successor did not comply with the terms of the repurchase clause; accordingly, we reverse.

■ In the trial court, as well as in this court, the parties have proceeded on the basis that the deed in question conveyed a fee simple estate subject to a condition subsequent. We therefore have the right to similarly treat it. *Metropolitan Park Dist. v. Heirs of Rigney*, 65 Wn.2d 788, 790–91, 399 P.2d 516 (1965).[4] So considered, the condition subsequent is that if any portion of the land conveyed by the grantor to the grantee for railroad right–of–way should ever be "abandoned and cease[d] to be used for purposes of right of way for a railroad" then, in that event, the grantor or the grantor's successor "shall have the right to repurchase such portion of said right of way, so abandoned and ceased to be used, within six months after such abandonment, . . ."[5]

■■ A deed should be construed to give effect to the intentions of the parties, paying particular attention to the

---

[4]Although the theory was never presented, a persuasive argument could be made that the right of repurchase contained in the deed created a contingent option only and, if inheritable, would be void under the rule against perpetuities. *See Alamo School Dist. v. Jones*, 182 Cal. App. 2d 180, 6 Cal. Rptr. 272 (1960); *Gange v. Hayes*, 193 Ore. 51, 237 P.2d 196 (1951).

[5]We refer herein to the clause as a repurchase clause because that is how the grantor chose to term it. More precisely, however, the future interest retained by the grantor of a fee estate subject to a condition subsequent is a future interest termed a "right of entry" or "power of termination." *Metropolitan Park Dist. v. Heirs of Rigney*, 65 Wn.2d 788, 790–91, 399 P.2d 516 (1965).

intent of the grantor and giving meaning to the entire language of the deed. *Gold Bar v. Gold Bar Lumber Co.,* 109 Wash. 391, 393–94, 186 P. 896 (1920). *See Zobrist v. Culp,* 18 Wn. App. 622, 628, 570 P.2d 147 (1977). Where there is any doubt about the meaning of words used in a deed, it is to be resolved against the grantor and in favor of the grantee. *Coleman v. Layman,* 41 Wn.2d 753, 756, 252 P.2d 244 (1953); *Hodgins v. State,* 9 Wn. App. 486, 492, 513 P.2d 304 (1973). Furthermore, a clause such as the repurchase clause in this deed will be strictly construed against the grantor. *See Central Christian Church v. Lennon,* 59 Wash. 425, 427–28, 109 P. 1027 (1910).

If the grantor intended that the grantor or the grantor's successor be notified by the grantee or its successor when the railroad right–of–way was abandoned, then the grantor should have so stated in the deed. No statute or case authority has been cited to us which stands for the proposition that, absent a provision in the deed or other agreement to that effect, there is any duty on the grantee of a deed or on the grantee's successor to notify the grantor or the grantor's successor of the occurrence of a condition subsequent. We know of no authority for so ruling, and applying the foregoing rules of construction, we cannot read such a duty into the deed in the present case where none exists by force of statute and is not contained, either directly or by necessary implication, in the deed. *See Gray v. Lipscomb,* 48 Wn.2d 624, 627, 296 P.2d 308 (1956); *Batchelor v. Madison Park Corp.,* 25 Wn.2d 907, 917, 172 P.2d 268 (1946).

■■ This is not a case where the grantee's successor made a secret of its abandonment of the right–of–way and cessation of railroad operations on it. It was apparent to all when the grantee's successor pulled up the railroad tracks and demolished the railroad bridge across Alabama Street. The deed was recorded. Thus in law the grantor's successor was as much on notice of the terms of the deed as was the grantee's successor. RCW 65.08.070; *Strong v. Clark,* 56 Wn.2d 230, 232–33, 352 P.2d 183 (1960). As the trial court

also observed in its oral decision, there was no bad faith on the part of either of the parties.

The trial court found as a fact that by March 31, 1972, the grantee's successor had ceased and abandoned all railway operations on the property. No exception having been taken on appeal to that finding, it must be treated as a verity, *Lakeside Pump & Equip., Inc. v. Austin Constr. Co.*, 89 Wn.2d 839, 842, 576 P.2d 392 (1978), and the issues raised by the grantor's successor concerning possible other abandonment dates cannot be considered. By the terms of the repurchase clause in the deed, the grantor's successor had 6 months from March 31, 1972 within which to exercise his right of repurchase. Having waited over 4 years to attempt to exercise that right, he is now precluded from doing so. *See Halvorsen v. Pacific County*, 22 Wn.2d 532, 537, 156 P.2d 907, 158 A.L.R. 555 (1945); *Metropolitan Park Dist. v. Heirs of Rigney, supra.* Judgment should be entered for the grantee's successor, Burlington Northern, Inc.

Reversed.

JAMES and RINGOLD, JJ., concur.