[No. 25087-3-III. Division Three. August 21, 2007.]

DONALD ZUNINO ET AL., *Respondents*, v. DAVID RAJEWSKI ET AL., *Appellants*.

*John F. Bury*, for appellants.
*John M. Riley III*, for respondents.

¶1 KULIK, J. — This case addresses the fundamental issue of what is necessary to create an easement. We hold that the documents here designated as "private road and utility easements" simply do not create easements because they lack the required statement of intent to transfer property. We affirm the trial court.

## FACTS

¶2 Gayle Anderberg sold two parcels of property to Virgil and Julie Zabinski and three parcels to Donald Zunino. The deeds for these parcels did not create easements; but for

each sale, Ms. Anderberg recorded a "private road and utility easement" document so that she could obtain a certificate from Spokane County (County) exempting the property from formal platting requirements. Clerk's Papers (CP) at 343. Ms. Anderberg believed that these documents created easements over the Zabinski and the Zunino properties.

¶3 When David and Teresa Rajewski purchased several parcels of the Anderberg property, the final sale was contingent upon the Rajewskis' ability to segregate the parcels into 10-acre parcels. Concerned about new growth, the Zabinskis and Mr. Zunino filed this action seeking to quiet title against the Rajewskis' claim of easements. The trial court concluded that the private road and utility easement documents did not create valid easements. The Rajewskis appeal.

¶4 *File No. 9505020168.* In 1995, Ms. Anderberg discussed the possible subdivision of her land with a friend who worked at the Spokane County Department of Building and Planning. Ms. Anderberg signed and recorded an easement and maintenance agreement under Spokane County Auditor's No. 9505020168.

¶5 In April or May 1997, Ms. Anderberg-Jones (Anderberg) listed the entire property for sale with a real estate agent, Lon Boothby, and the property was put on the market.

¶6 *Zabinski Purchase.* In September 1997, Ms. Anderberg entered into a purchase and sale agreement with Virgil and Julie Zabinski. The documents indicate that the Zabinskis would agree to easements across the property and that the Zabinskis would install a road across the property to provide access to Ms. Anderberg and to her property.

¶7 Prior to closing, Mr. Boothby applied to the County for a certificate of exemption. To obtain these, he had to le a private road and utility easement. Mr. Boothby prepared a private road and utility easement document that was recorded as file no. 4156896. Only Ms. Anderberg signed the easement document. At that time, Ms. Ander-

berg was the sole owner of all of the property described in the easement. The deed contained several encumbrances which the conveyance was "subject to." CP at 344. But Ms. Anderberg neither granted nor reserved an easement in the deed.

¶8 Later, but prior to closing, Mr. Boothby made substantial changes to file no. 4156896 and rerecorded it under file no. 4157940. Ms. Anderberg initialed the changes.

¶9 In November 1997, Ms. Anderberg executed a statutory warranty deed to the Zabinskis. Ms. Anderberg neither granted nor reserved an easement in the deed. The deed contained several encumbrances which the conveyance was "subject to." CP at 344. In 1999, Mr. Boothby prepared twoadditional private road and utility easement documents. One was recorded under file no. 4392328. A portion of the property—referred to in the document as "for the benefit of" Ms. Anderberg—had previously deeded to the Zabinskis. CP at 345.

¶10 The second private road and utility easement document was recorded under file no. 4392329. The description in this document crosses property that had previously been sold to the Zabinskis by Ms. Anderberg.

¶11 *Zunino Purchase.* In August 1999, Ms. Anderberg sold property by warranty deed to Michael and Tami Newman. In this deed, Ms. Anderberg did not reserve or grant an easement for ingress or egress. The deed contained several items the property was "subject to." CP at 346.

¶12 In 2000, Donald Zunino entered into a purchase and sales agreement with the Newmans. The property was conveyed by a statutory warranty deed. A nonexclusive easement for ingress and egress was created by file no. 4392328 and file no. 4392329 in Spokane County. The deed recited several encumbrances which Mr. Zunino took "subject to." CP at 349-50.

¶13 In 2001, Ms. Anderberg conveyed the property to Mr. Zunino by statutory warranty deed. The deed contained several encumbrances which Mr. Zunino took title "subject

to." CP at 350. At the time of Mr. Zunino's purchase, there were two physical access routes on the parcel.

¶14 *Rajewski Purchases.* In November 1999, David and Teresa Rajewski entered into a purchase and sale agreement for a substantial portion of the Anderberg property. The property was conveyed one month later by statutory warranty deed. No easements for ingress and egress were prepared, executed, or granted.

¶15 In February 2000, Ms. Anderberg conveyed another piece of property to the Rajewskis by statutory warranty deed. The deed did not reserve or grant an easement.

¶16 In 2003, Ms. Anderberg and the Rajewskis entered into a purchase and sale agreement for another piece of property. The sale was contingent on Ms. Anderberg granting the Rajewskis an unlimited easement for utilities. The sale was also contingent on the Rajewskis being able to segregate the property into 10-acre parcels. However, no one sought or obtained the County's approval or confirmation that the Rajewskis would be able to segregate the property into 10-acre parcels. In the deed, Ms. Anderberg neither reserved nor granted any easement for ingress and egress. No easements for ingress and egress were prepared, executed, delivered, or recorded in the deed. A private road and utilities easement document was recorded under file no. 4935724.

¶17 With this purchase, the Rajewskis gained legal access to the entirety of their property, based on their limited access to State Route 195, for those uses necessary for the normal operation of a farm.

¶18 *Procedural History.* Mr. Zunino and the Zabinskis filed an action seeking to quiet title against the Rajewskis' claim of easements. The Zabinskis also requested compensation for damage to their property and property values. The trial court prepared extensive findings and conclusions. The court concluded that no easements for ingress or egress were granted and ordered the Rajewskis to pay damages. The court also granted an injunction barring the Rajewskis from the Zabinskis' and Zunino's properties.

¶19 The Rajewskis appeal. At issue is the effect of five private road and utility easement documents: file no. 9505020168, file no. 4156896, file no. 4157940, file no. 4392328, and file no. 4392329.

## ANALYSIS

■ ¶20 *Standard of Review.* This court reviews a trial court's decision following a bench trial to determine whether the findings of fact are supported by substantial evidence and whether those findings support the court's conclusions of law. *Dorsey v. King County*, 51 Wn. App. 664, 668-69, 754 P.2d 1255 (1988). Unchallenged findings of facts are verities on appeal. *Davis v. Dep't of Labor & Indus.*, 94 Wn.2d 119, 123, 615 P.2d 1279 (1980). We review conclusions of law de novo. *Sunnyside Valley Irrigation Dist. v. Dickie*, 149 Wn.2d 873, 880, 73 P.3d 369 (2003).

¶21 The Rajewskis have failed to assign error to findings of fact nos. 1 through 39, 41, 42, 44, 45, 46, 47, and 50. These findings are verities on appeal.

¶22 *Private Road and Utility Easement Documents.* The parties agree that none of the *deeds* created easements that burdened Mr. Zunino's property or the Zabinskis' property. The Rajewskis contend that easements were created in documents filed as part of the process to obtain certificates of exemption from Spokane County.

¶23 *Certificate of Exemption.* The purpose of chapter 58.17 RCW is to provide a uniform process when property is divided within the state of Washington and to provide for proper ingress and egress. RCW 58.17.010. The concern is that property might be subdivided in a way that the lots created will be landlocked. Significantly, RCW 58.17.040 sets forth when the subdivision chapter is not applicable. Under RCW 58.17.040(2), no county approval is required for a subdivision of land into parcels five acres or larger unless there is a county ordinance requiring approval of the subdivision.

¶24 The County created a certificate of exemption ordinance. Spokane County Code (SCC) 12.100.110, .112. Spe-

cifically, SCC 12.100.110 describes which subdivisions of land may take place without County approval. SCC 12.100.112 provides that a certificate of exemption must be obtained from the Department of Building and Planning for those exemptions set forth in SCC 12.100.110. Simply stated, a certificate of exemption is issued under a subdivision ordinance for properties that are exempt from the platting process. To prevent property from becoming landlocked, the County requires an applicant seeking a certificate of exemption to provide an easement to support the certificate when one or more parcels need access.

¶25 Ms. Anderberg contacted a friend who worked with the Spokane County Department of Building and Planning to discuss her plan for the possible development of her property. Specifically, she was interested in dividing up the property into 10-acre lots. Ms. Anderberg applied to the County for certificates of exemption. She believed that by signing the easement documents, she would be able to sell her land. Mr. Boothby had the agreements recorded so that Ms. Anderberg would qualify for the certificates of exemption.

¶26 The Rajewskis contend that the private road and utility easement documents, executed and recorded to obtain certificates of exemption, constitute easements. But this view is mistaken. No easements were created by the private road and utility easement documents.

¶27 The statute of frauds requirements are set forth in RCW 64.04.010. An express conveyance of an easement by grant or reservation must be made by written deed. RCW 64.04.010. The deed must be in writing and signed by the party bound by the deed, and the deed must be acknowledged. RCW 64.04.020. Accordingly, a deed of easement is required to convey an easement that encumbers a specific servient estate. *Berg v. Ting*, 125 Wn.2d 544, 551, 886 P.2d 564 (1995). Similarly, "a 'deed [of easement] is not required to establish the actual location of an easement, but is required to convey an easement' which encumb[ers] a specific servient estate." *Id.* (emphasis omitted) (alteration

222

in original) (quoting *Smith v. King*, 27 Wn. App. 869, 871, 620 P.2d 542 (1980)). The agreement to the easement by the owner of the servient estate is a vital element in the creation of an easement. *Beebe v. Swerda*, 58 Wn. App. 375, 382, 793 P.2d 442 (1990).

¶28 "No particular words are necessary to constitute a grant and any words which clearly show the intention to give an easement are sufficient." *Id.* at 379. In general, deeds are construed to give effect to the intentions of the parties, and particular attention is given to the intent of the grantor when discerning the meaning of the entire document. *Carr v. Burlington N., Inc.*, 23 Wn. App. 386, 390-91, 597 P.2d 409 (1979). However, any doubt as to words used in a deed will be construed against the grantor and in favor of the grantee. *Id.* at 391.

¶29 The private road and utility easement documents do not show an intent to convey an easement. The documents are entitled "Easement and Maintenance Agreement" or a "Private Road & Utility Easement." Exs. 6, 7, 8, 9, 11. However, these documents state: "This agreement made and entered into the . . . day of . . . , 1997, by the undersigned property owner, who is granting the easement across their property." Exs. 6, 7, 8, 9, 11. These documents also contain a description of the purported easement and state: "Whereas this easement *was created* as a medium of ingress and egress for the benefit of . . . ." Exs. 6, 7, 8, 9, 11 (emphasis added). Most of the documents state over the signature line, "I am the owner of record of the property involved with this easement." Exs. 7, 8, 9, 10. These documents failed to convey an easement because the words do not demonstrate a present intent to grant or reserve an easement.

¶30 The Rajewskis contend that the private road and utility documents are deeds because they meet the requirements of RCW 64.04.020. According to the Rajewskis, this provision requires merely that the documents must be in writing, acknowledged, and signed by the party to be bound.

¶31 But the requirements of RCW 64.04.020 are as follows:

Every deed shall be in writing, signed by the party bound thereby, and acknowledged by the party before some person authorized by this act to take acknowledgements of deeds.

As RCW 64.04.020 states, the document must be a *deed*. *Black's Law Dictionary* defines a "deed" as:

2. A written instrument by which land is conveyed. 3. At common law, any written instrument that is signed, sealed, and delivered and that conveys some interest in property.

BLACK'S LAW DICTIONARY 444 (8th ed. 2004).

¶32 Here, the documents are not deeds because they do not convey an interest in property.

¶33 We need not address any remaining issues raised by the appellants because the documents simply do not create or reserve valid easements.

¶34 *Conclusion.* Substantial evidence supports the trial court's findings, and the findings support the court's conclusions of law. We affirm the trial court, and we grant the Zabinskis and Mr. Zunino their request for statutory attorney fees and costs as the prevailing party on appeal.

SWEENEY, C.J. and BROWN, J., concur.