IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| SETH L. POTTS, the personal representative of THE ESTATE OF HAROLD R. POTTS, | ) ) ) ) | No. 40553-2-III |
| Appellant, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| JACK HONKALA and SHIRLEY E. HONKALA, a married couple, | ) ) ) | |
| Respondents. | ) ) | |

COONEY, J. — Harold Potts[1] owned two parcels of real property, lot 3 and lot 4.

In 2013, Harold executed a quitclaim deed that conveyed his interest in real property to

Jack and Shirley Honkala[2] (collectively, "Honkalas"). Harold passed away in 2021 and

bequeathed lot 4 to his son, Steven Potts, through his will. The Honkalas claim Harold

---

[1] Harold Potts and his sons, Steven Potts and Seth Potts, are referred to by their first names for clarity. No disrespect is intended.

[2] Shirley Honkala is Harold's daughter.

deeded both lots to them while the Estate of Harold R. Potts (Estate) asserts only lot 3 was conveyed to the Honkalas.

The Estate filed a complaint against the Honkalas to quiet title lot 4. The Honkalas answered the complaint and asserted counterclaims for declaratory judgment and that the title be quieted in their favor. The parties later filed competing motions for summary judgment. The trial court granted the Honkalas' motion and dismissed the Estate's complaint.

The Estate appeals, arguing the deed that conveyed property to the Honkalas fails to satisfy the statute of frauds and therefore did not transfer title lot 4 to the Honkalas. We agree with the Estate.

BACKGROUND

Harold purchased two parcels of real property in Goldendale, Washington, in 2008. The adjacent properties, referred to as lot 3 and lot 4, are part of a subdivision created in 1982. Harold lived in a residence on lot 4 while lot 3 remained vacant aside from a water well. Both lots had the same tax parcel number. A 2008 deed of trust between Harold and Columbia River Bank listed the legal description of the property as "LOTS 3, 4 SP 82-07 IN N2NESE 32-4-16." Clerk's Papers (CP) at 94.

In 2013, the Honkalas and Harold drafted and recorded a quitclaim deed (2013 Deed). The 2013 Deed listed the grantor as Harold and the grantees as the Honkalas. The legal description of the property was listed as "Pt of Lots 3, 4, SP 82-07 in N2NESE

2

4; 32-4-16." CP at 92. The 2013 Deed listed the tax parcel number as "04-16-3251-0003-00," which identified both lot 3 and lot 4. CP at 92-93.

Thereafter, the Honkalas constructed a residence on lot 3, and separate tax parcel numbers were assigned for each lot. The Honkalas paid the property taxes for lot 3 and Harold paid the property taxes for lot 4. The Honkalas and Harold also entered into a water user's agreement that allowed Harold to use the well on lot 3 for the benefit of lot 4.

In 2016, three additional quitclaim deeds were recorded for the purported purpose of "correct[ing] [the] legal [description]." CP at 167, 170, 172. Each of the three deeds listed Harold as the grantor and the Honkalas as the grantees. However, the legal description contained in each deed differed from the 2013 Deed.

The first 2016 deed listed the legal description of the property being conveyed as "Lot 3 SP 82-07 PTN Sec. 32, T 4 N, R 16 E WM" and contained an exhibit that referenced the legal description as "Lot 3 Short Plat No. SP 82-07, filed on June 5th, 1982, as Auditor's No. 186360, Klickitat County Records. Being a portion of Section 32, Township 4, North, Range 16 East of the Willamette Meridian, in the County of Klickitat, State of Washington." CP at 167-68. The second 2016 deed, dated 10 days after the first, was the same as the first deed except the abbreviation "PTN" was scribbled out. CP at 170. About a month later, the third 2016 deed was filed that listed the legal description of the property being conveyed as "Lot 3, Map SP-82-07 lying within Section

32 Township 4 North Range 16 East W.M. Filed on June 15 1982, auditor[']s number

186360 Klickitat County Records" with a tax parcel number of "0416-3282-0703/00."

CP at 172.

Shortly after the third 2016 deed was filed, the Honkalas obtained a loan that was

secured by lot 3. The legal description of the property on the deed of trust was "LOT 3

SP 82-07 IN NESE; 32-4-16," and the tax parcel number was listed as "04-16-3282-

0703/00." CP at 173.

Harold passed away in September 2021, and his last will and testament, dated

April 1, 2021, was filed with the Clark County Clerk. According to the will, Harold's

real property located in Goldendale was devised to his son, Steven.

In 2022, Seth Potts, as personal representative of the Estate, filed a complaint

against the Honkalas seeking to quiet title to lot 4.[3] The Honkalas answered the

complaint and asserted counterclaims seeking a declaratory judgment that lot 4 was

conveyed to them by the 2013 Deed and that title be quieted in their favor.[4]

Thereafter, both parties moved for summary judgment. The Estate moved for

summary judgment, seeking to quiet title in favor of the Estate, and for dismissal of the

---

[3] Notably, neither party filed a petition to reform the 2013 Deed.

[4] The parties do not dispute that Harold intended to convey lot 3 to the Honkalas.

Honkalas' counterclaims. The Honkalas moved for summary judgment on their first counterclaim, seeking a declaratory judgment that lot 4 was deeded to them in 2013.

The trial court granted the Honkalas' motion for summary judgment and denied the Estate's motion. The court issued a "Ruling of the Court on Defendant's Motion for Summary Judgment and Orders" on May 9, 2024. CP at 505-12. The Estate sought discretionary review of that order with this court. On June 6, 2024, the trial court issued its "Findings of Fact, Conclusions of Law and Declaratory Judgment" that concluded the 2013 Deed "effectively transferred title to lot 3 and lot 4 [to the Honkalas]." CP at 526-27. The court also ordered the Estate's complaint "denied in its entirety." CP at 528.

The Estate timely appeals.

## ANALYSIS

As a preliminary matter, the Estate argues we should consider this direct appeal along with its earlier notice for discretionary review. Prior to initiating this appeal, the Estate sought discretionary review of the trial court's Ruling of the Court on Defendant's Motion for Summary Judgment and Orders. Notice for Discretionary Review, *Potts v. Honkala, et al.*, No. 40483-8-III (June 5, 2024). Shortly thereafter, the trial court issued its judgment that denied the Estate's complaint in its entirety. The Estate appealed, as a matter of right, the trial court's order denying its complaint. Consequently, the Estate's earlier petition for discretionary review was denied as moot. Comm'r's Ruling, *Potts v. Honkala, et al.*, No. 40483-8-III (Oct. 15, 2024). Because the appeal as a matter of right

5

necessarily addresses the same issues brought in the notice for discretionary review, we need not decide the two appeals as one. Thus, our review is limited to the Estate's appeal as a matter of right.

Turning to the merits, the Estate argues summary judgment in favor of the Honkalas was improper because the 2013 Deed failed to satisfy the statute of frauds. The Honkalas respond that the 2013 Deed satisfied the statute of frauds and conveyed both lot 3 and lot 4 to them. We agree with the Estate's argument that the 2013 Deed fails to satisfy the statute of frauds.

We review orders on summary judgment de novo. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is only appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; CR 56(c). The moving party bears the initial burden of establishing that there are no disputed issues of material fact. *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). "A material fact is one upon which the outcome of the litigation depends in whole or in part." *Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990).

When considering a motion for summary judgment, evidence is considered in a light most favorable to the nonmoving party, here, the Estate. *Keck*, 184 Wn.2d at 370. If the moving party satisfies its burden, then the burden shifts to the nonmoving party to establish there is a genuine issue for the trier of fact. *Young*, 112 Wn.2d at 225-26.

6

While questions of fact are typically left to the trial process, they may be treated as a matter of law if "reasonable minds could reach but one conclusion." *Hartley v. State*, 103 Wn.2d 768, 775, 698 P.2d 77 (1985).

A nonmoving party may not rely on speculation or having its own affidavits accepted at face value. *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986). Instead, a nonmoving party must put "forth specific facts that sufficiently rebut the moving party's contentions and disclose that a genuine issue as to a material fact exists." *Id.*

The Estate argues the court erred in concluding the 2013 Deed transferred both lot 3 and lot 4 to the Honkalas. Specifically, the Estate contends, though the deed included a tax parcel number that, at the time, identified both lots, the use of the abbreviation "Pt" rendered the legal description insufficient to satisfy the statute of frauds. The Honkalas respond that the 2013 Deed's inclusion of the tax parcel number identifying both lot 3 and lot 4 was sufficient to convey both lots to them. We hold the 2013 Deed does not satisfy the statute of frauds and that the inclusion of the tax parcel number does not overcome the 2013 Deed's ambiguity. Thus, summary judgment in favor of the Honkalas was improper.

The general rule in Washington, "'subject to some exceptions . . . , is that a document that transfers an interest in land must describe the land by its full legal description'" in order to satisfy the statute of frauds. *Teklu v. Setayesh*, 21 Wn. App. 2d

161, 165, 505 P.3d 151 (2022) (quoting 18 WILLIAM B. STOEBUCK & JOHN W. WEAVER,

WASHINGTON PRACTICE: REAL ESTATE: TRANSACTIONS § 13.3 at 78 (2d ed. 2004)).  An

inadequate legal description renders a contract void.  *Maier v. Giske*, 154 Wn. App. 6, 15,

223 P.3d 1265 (2010).  Our Supreme Court has held that a legal description must be

"'sufficiently definite'" to locate the land "'without recourse to oral testimony.'"

*Martin v. Seigel*, 35 Wn.2d 223, 227, 212 P.2d 107 (1949) (quoting *Martinson v.

Cruikshank*, 3 Wn.2d 565, 567, 101 P.2d 604 (1940)).  A legal description is sufficient "if

a person of ordinary intelligence and understanding can successfully use the description

in an attempt to locate and identify the particular property sought to be conveyed."

*Turpen v. Johnson*, 26 Wn.2d 716, 729, 175 P.2d 495 (1946).  A valid legal description

for platted property must include the lot number, block number, addition, city, county,

and state.  *Martin*, 35 Wn.2d at 229.

Here, the 2013 Deed provided an ambiguous legal description as "real estate,

situated in the County of Klickitat, state of Washington, together with all after acquired

title of the grantor(s) therein: *Pt of* Lots 3, 4, SP 82-07 in N2NESE 4; 32-4-16."  CP at 92

(emphasis added).  Although the legal description contains the lot numbers, block

number, addition, county, and state, it also includes the qualifier "Pt of."  *Id*.  The parties

dispute the meaning of the abbreviation "Pt."  The Estate presented evidence that "Pt"

means "part" while the Honkalas posit it refers to "a point or point of tangent."

Appellant's Br. at 16; CP at 460.  Because the 2013 Deed contained the qualifier "Pt," the

legal description is not sufficiently definite for a person of ordinary intelligence and understanding to successfully recognize what property was being conveyed without recourse to oral testimony. The 2013 Deed is not sufficiently definite to satisfy the statute of frauds.

However, as the Honkalas point out, an exception to "Washington's strict legal description requirement is reference to a tax parcel number." *Teklu*, 21 Wn. App. 2d at 166. In *Bingham v. Sherfey*, our Supreme Court held "that a reference to [the assessor's tax parcel number and county] furnishes the legal description of the real property involved with sufficient definiteness and certainty to meet the requirements of the statute of frauds." 38 Wn.2d 886, 889, 234 P.2d 489 (1951). Here, the 2013 Deed also contained a tax parcel number "04-16-3251-0003-00." CP at 92. It is undisputed that, in 2013, lots 3 and 4 shared the tax parcel number referenced in the 2013 Deed.

The Estate counters that the tax parcel number exception in *Bingham* applies only to unplatted property. We agree. In *Tenco, Inc. v. Manning*, our Supreme Court held tax parcel numbers could be used in the manner suggested in *Bingham* that "sets forth description requirements for *unplatted* property." 59 Wn.2d 479, 485, 368 P.2d 372 (1962) (emphasis added). Indeed, the *Bingham* case concerned a property identified not only by its tax parcel number, but also by a metes and bounds description that can be long, technical, and prone to errors. The *Bingham* court addressed this concern, stating:

9

It must be assumed, for the purpose of testing the amended complaint by demurrer, that the county assessor has performed the duty imposed upon him by statute, and that a reference to this public record furnishes the legal description of the real property involved with sufficient definiteness and certainty to meet the requirements of the statute of frauds.

38 Wn.2d at 491. Because the real property at issue here is platted, the tax parcel number exception does not apply.

The inclusion of the qualifier "Pt of" in the 2013 Deed renders the legal description ambiguous. Consequently, summary judgment in favor of the Honkalas was improper. The Honkalas were not entitled to declaratory judgment that both lot 3 and lot 4 were conveyed to them by way of the 2013 Deed. We therefore reverse the trial court's judgment in favor of the Honkalas and denial of the Estate's complaint, and remand for further proceedings.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Cooney, J.

I CONCUR:

Lawrence-Berrey, C.J.

No. 40553-2-III

FEARING, J. (dissenting) — I dissent because the majority confuses the glitch attendant to an ambiguous legal description with the question of whether a legal description suffices to enforce a deed. For two reasons, Jack and Shirley Honkala may enforce the 2013 deed. First, the deed's legal description contains the necessary lot number, addition or plat number, county, and state. Second, the deed's description includes a tax assessor number. The majority, instead of invalidating the 2013 deed, should give directions to the superior court on how to interpret and enforce the deed.

*Facts*

In 2013, Harold Potts signed a deed transferring real property to his daughter and son-in-law, Jack and Shirley Honkala. The deed described the conveyed property as situated in Klickitat County, state of Washington: "Pt of Lots 3, 4, SP 82-07 in N2NESE 4; 32-4-16." The deed added a tax parcel number of 04-16-3251-0003-00. The Klickitat County Tax Assessor's records from 2013 show tax parcel number 04-16-3251-0003-00 to encompass Lots 3 and 4 of short plat 82-07. CP at 93.

Harold Potts signed three corrective deeds in 2016. The 2016 corrective deeds do not mention the nature of the correction or the reason for the correction. According to Jack and Shirley Honkala, the parties intended the corrective deeds to clarify the property lines for Lot 3 as needed to secure a loan for the Honkalas. The Honkalas received the loan shortly after the last of the corrective deeds.

No. 40553-2-III
*Potts v. Honkala* (Dissent)


### *Statute of frauds*

The statute of frauds governing real property states:

> Every conveyance of real estate, or any interest therein, and every contract creating or evidencing any encumbrance upon real estate, shall be by deed.

RCW 64.04.010.  In turn, RCW 64.04.020 declares:

> Every deed shall be in writing, signed by the party bound thereby, and acknowledged by the party before some person authorized by this act to take acknowledgments of deeds.

A legal description need not identify the land if the description furnishes the means of identification.  *Turpen v. Johnson*, 26 Wn.2d 716, 729, 175 P.2d 495 (1946). The description will be liberally construed to afford the basis of a valid grant.  *Turpen v. Johnson*, 26 Wn.2d 716, 729 175 P.2d 495 (1946).

The statute of frauds seeks to prevent fraud arising from inherently uncertain oral agreements.  *Howell v. Inland Empire Paper Co.*, 28 Wn. App. 494, 498, 624 P.2d 739 (1981); *Maier v. Giske*, 154 Wn. App. 6, 15, 223 P.3d 1265 (2010).  Harold Potts' 2013 deed does not qualify as an oral agreement.

Washington courts have broadcasted numerous rules and principles, which vary in exaction, to implement the statute of frauds.  Some rules may diverge.  To comply with the statute of frauds, a contract or deed for the conveyance of land must contain a description of the real property sufficiently definite to locate the land without recourse to oral testimony or else must contain a reference to another instrument which includes a

2

sufficient description. *Maier v. Giske*, 154 Wn. App. 6, 15, 223 P.3d 1265 (2010); *Key Design Inc. v. Moser*, 138 Wn.2d 875, 881, 983 P.2d 653 (1999); *Bingham v. Sherfey*, 38 Wn.2d 886, 889, 234 P.2d 489 (1951); *Martinson v. Cruikshank*, 3 Wn.2d 565, 101 P.2d 604 (1940); *Barth v. Barth*, 19 Wn.2d 543, 143 P.2d 542 (1943). A description in a deed affecting title to real estate satisfies the statute if it affords an intelligent means for identifying the property and does not mislead. *Turpen v. Johnson*, 26 Wn.2d 716, 728-29 (1946). An adequate description needs to identify the land with reasonable certainty, but the degree of certainty required is always qualified by the application of the rule that is certain which can be made certain. *Turpen v. Johnson*, 26 Wn.2d 716, 729 (1946). A court will not void a deed for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, what property the deed intended to convey. *Turpen v. Johnson*, 26 Wn.2d at 729. This mention of extrinsic evidence may contrast with the rule that the deed's proponent may not employ oral testimony. The court will hold a deed void for uncertainty in the description of parcels only if the deeded property remains a conjecture after resorting to admissible extrinsic evidence. *Turpen v. Johnson*, 26 Wn.2d at 729. To render a deed void for uncertain description, there must be either a fatal infirmity in the description, appearing on the face of the instrument, or an inability to apply the given description to any particular property. *Turpen v. Johnson*, 26 Wn.2d 716 at 729; *Sengfelder v. Hill*, 21 Wash. 371, 379, 58 P. 250 (1899).

One can determine the property conveyed in Harold Potts' 2013 deed without oral testimony. The deed identifies the conveyed land as Lots 3 and 4. We can locate both Lots 3 and 4 on the ground. Assuming the legal description harnessed the initials "PT" to mean "a portion," Seth Potts does not provide any evidence or even an argument as to what limited portions of the two lots Harold Potts intended to convey. Seth Potts only argues that the deed intended to transfer the whole of Lot 4, but none of Lot 3. But, the deed does not so read.

### Platted property

As a result of the statute of frauds, every conveyance of platted real property must contain, in addition to the other requirements of the statute of frauds, the description of such property by the correct lot number(s), block number, addition, city, county, and state. *Key Design Inc. v. Moser*, 138 Wn.2d 875, 881 (1999); *Martin v. Siegel*, 35 Wn.2d 223, 229, 212 P.2d 107 (1949). I assume that the legal description need not list the block number if the plat omits any block numbers or mentions the city if the land lies outside city limits. The 2013 deed contained the lot numbers, the short plat number or addition, the county, and the state.

The majority agrees that the 2013 deed contained all the data required of a deed. But the majority still declares the legal description insufficient

4

*Tax parcel number*

The 2013 deed not only contains all the data required of the lot designation for platted land but also a tax parcel number considered sufficient for a legal description. The Washington Supreme Court has sanctioned the use of the tax parcel number as complying with the statute of frauds. *Bingham v. Sherfey*, 38 Wn.2d 886, 888 (1951); *City of Centralia v. Miller*, 31 Wn.2d 417 (1948); *Turpen v. Johnson*, 26 Wn.2d 716 (1946.) Washington courts recognize, as an exception to Washington's strict legal description requirement, the reference to an assessor's tax parcel number. *Teklu v. Setayesh*, 21 Wn. App. 2d 161, 162, 505 P.3d 151 (2022). If a document transferring an interest in land contains the tax parcel number and the county in which the property is located, that reference satisfies the statute of frauds if the tax parcel number refers a person of "ordinary intelligence" to records on file in the county assessors office or in turn to documents on record with the county auditor containing the complete legal description. *Teklu v. Setayesh*, 21 Wn. App. 2d 161, 162 (2022). By use of the tax parcel number identified in the deed, anyone may reference the county assessor's records to discern the complete legal description.

I suspect that the tax assessor's records always possess a sufficient legal description to comply with the statute of frauds if one reviews the assessor's records for a parcel number. Nevertheless, two Washington decisions may clash as to whether a

5

defender of a deed must provide testimony of the extent of the legal description collected by the tax assessor for the parcel of property based on the tax parcel number.

In *Bingham v. Sherfey*, 38 Wn.2d 886 (1951), the Washington Supreme Court enforced an option to purchase real property. The legal description in the contract omitted the Willamette Meridian, which often can be a fatal omission. The description, however, included "Tax No. 3" and Garfield County. The court ruled that the proponent of the option need not have prevented testimony of the county tax assessor to ensure that the assessor's records held the complete and accurate legal description. The court wrote:

> Oral testimony is not necessary to determine the exact legal description of the land upon which the minds of the parties met, the one to sell, the other to buy. It must be assumed, for the purpose of testing the amended complaint by demurrer, that the county assessor has performed the duty imposed upon him by statute, and that a reference to this public record furnishes the legal description of the real property involved with sufficient definiteness and certainty to meet the requirements of the statute of frauds.

*Bingham v. Sherfey*, 38 Wn.2d 886, 889 (1951). The ruling did not ask the deed's proponent to search the assessor's records.

In *Teklu v. Setayesh*, 21 Wn. App. 2d 161 (2022), this court held an earnest money agreement enforceable because the agreement contained the tax parcel number and the county in which the property sat. Otherwise, the agreement declared that a legal description was attached, but the attachment was missing. The party seeking enforcement presented testimony that explained step-by-step how a person could enter

the tax parcel number into the assessor's website and find the assessor's property account summary with an abbreviated legal description, together with a sales history table referencing the documents on file with the county auditor, including the six most recent deeds to the property containing a complete legal description. This court wrote, contrary to *Bingham v. Sherfey*, that the proponent of the agreement must document how the use of the tax parcel number would lead to the finding of an adequate legal description within the assessor's records.

Harold Potts' 2013 deed listed the tax parcel number. Regardless if I follow *Bingham v. Sherfey* or *Teklu v. Setayesh*, the summary judgment record indisputably established that the Klickitat County assessor records show the tax parcel number to blanket Lots 3 and 4. Seth Potts contends that *Bingham v. Sherfey* limits the use of a tax parcel number to unplatted land. *Bingham v. Sherfey* presents no such limitation. *Teklu v. Setayesh* did not limit its holding either.

*Ambiguity*

The legal description in the 2013 deed led with the abbreviation "PT." According to the Skagit County Tax Assessor, "PT" is an abbreviation for "point" or "part." Assessor Legal Description Abreviations (last visited May 17, 2025). Assuming the majority considers the term "PT" to create a difficulty in discerning the extent to which the 2013 deed conveyed property to Jack and Shirley Honkala, the court should direct the superior court to construe the deed or resolve the ambiguity rather than invalidate the

7

deed. The court in divining the meaning of a deed should ascertain the parties' intent, which is a question of fact. *Roeder Co. v. Burlington Northern, Inc.*, 105 Wn.2d 269, 276, 714 P.2d 1170 (1986). The court gathers that intent from the language in the deed, if possible, but, when necessary, by resorting to the circumstances surrounding the entire transaction. *Thompson v. Schlittenhart*, 47 Wn. App. 209, 212, 734 P.2d 48 (1987). The court should construe a deed to give effect to the intentions of the parties, paying particular attention to the intent of the grantor and giving meaning to the entire language of the deed. *Town of Gold Bar v. Gold Bar Lumber Co.*, 109 Wash. 391, 393-94, 186 P. 896 (1920); *Carr v. Burlington Northern, Inc.*, 23 Wn. App. 386, 390–91, 597 P.2d 409 (1979). If the court gathers doubt about the meaning of words used in a deed, the court resolves the ambiguity against the grantor and in favor of the grantee. *Coleman v. Layman*, 41 Wn.2d 753, 756, 252 P.2d 244 (1953); *Hodgins v. State*, 9 Wn. App. 486, 492, 513 P.2d 304 (1973).

Seth Potts emphasizes the later three correction deeds. But title to Lot 4 was then in Jack and Shirley Honkala's names, and any correction deed would need to be signed by them. Harold Potts could not divest Jack and Shirley Honkala of any interest in Lot 4 by a corrective deed. *Engstrom v. Peterson*, 107 Wash. 523, 528, 182 P.2d 623 (1919). This rule prevails even if Jack Honkala recorded the corrective deeds. According to the Honkalas, the corrective deeds acted to clarify legal boundaries so that they might receive

8

a loan on Lot 3, but not Lot 4, not that Harold Potts intended to return Lot 4 to his ownership.

*Reformation*

The court may correct by reformation a property description, defective according to the standards recognized by Washington law, when the defect resulted from a mutual mistake. *Tenco, Inc. v. Manning*, 59 Wn.2d 479, 486, 368 P.2d 372 (1962). But the court may not reform a deed when it rules that the legal description fails to satisfy the statute of frauds.

The majority comments that neither party sought reformation before the superior court. One wonders if the majority wishes to suggest that one of the parties should seek reformation on remand. Regardless, although the majority has not expressly declared the 2013 deed void, the majority has impliedly so ruled because a deed with an insufficient legal description becomes void. *Key Design Inc. v. Moser*, 138 Wn.2d 875, 888 (1999); *Snyder v. Peterson*, 62 Wn. App. 522, 525–26, 814 P.2d 1204 (1991); *Bigelow v. Mood*, 56 Wn.2d 340, 341, 353 P.2d 429 (1960); *Martin v. Siegel*, 35 Wn.2d 223, 227 (1949); *Maier v. Giske*, 154 Wn. App. 6, 15 (2010). A contract void under the statute of frauds is not subject to reformation. *Martinson v. Cruikshank,* 3 Wn.2d 565, 567 (1940). Since I conclude the statute of frauds does not void the 2013 deed, I would not preclude the opportunity to seek reformation.

*Tenco, Inc. v. Manning*, 59 Wn.2d 479, 368 P.2d 372 (1962) includes facts

dissimilar, but most comparative, to our dispute on appeal. The superior court ordered a

vendor to convey real property despite the legal description contained in the agreement,

covering more property than intended by both parties. The Supreme Court affirmed. The

legal description included all necessary information for a plat legal description but

covered the entirety of the fifty acres within the plat, when the buyer and seller only

intended to receive and convey twenty-two acres. The seller refused to consummate the

transaction because of the erroneous legal description. The superior court and the

Supreme Court rejected the seller's argument that the legal description was insufficient

because it described additional property than intended. The state high court wrote:

> This rule for determining whether a legal description properly
> conforms to the requirements of the statute of frauds, however, is
> inapplicable when an erroneous description appears in a document because
> of a mutual mistake. Until the memorandum document is made to say what
> the parties intended it to say, invocation of the Statute of Frauds is
> premature. Shattuck: Contracts in Washington, 1937–1957: Part II, 34
> Wash.L.Rev. 345, 360–61 (1959). The document may be reformed to
> reflect fairly the intention of the parties before the test to determine the
> legality of the description is applied once it is established that the defect
> was the product of a mutual mistake.

59 Wn.2d at 485 (internal quotes and most citations omitted). The buyer had not

expressly sought reformation in its complaint, but had asked for such equitable relief as

the court deems appropriate. Assuming the 2013 deed legal description contained more

10

No. 40553-2-III
*Potts v. Honkala* (Dissent)

property than intended by the parties, this court cannot invalidate the deed. Other relief should be afforded.

*Summary*

The majority reverses the trial court's grant of summary judgment to Jack and Shirley Honkala and remands for further proceedings. The majority does not hint at what further proceedings the superior court should undertake. If I were the superior court, I would wonder what steps to commence. I would be uncertain as to whether the court deems an ambiguity lies within the 2013 deed. I would be unsure whether this court wishes me to take testimony and resolve any ambiguity in the 2013 deed or whether the court wishes me to resolve the ambiguity without testimony. I would not know whether the court wishes me to grant a prospective motion to amend the complaint or counterclaim to permit reformation, whether the court extends authority to me to reform the deed, whether the court wishes for me to resolve the dispute by reviewing the three correction deeds executed in 2016, or whether this court wishes me to grant summary judgment to Seth Potts.

_____
Fearing, J.

11