# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| DAVID H. ERBECK and E. ADELE ERBECK, husband and wife, | ) ) ) ) | No. 72568-8-I |
|  | ) | DIVISION ONE |
| Respondents, | ) ) |  |
| v. | ) ) | |
| | ) | |
| SUSAN S. SPRINGER and JOHN DOE SPRINGER, wife and husband, and all other persons claiming any right, title, and interest in and to plaintiffs' property, | ) ) ) ) ) | UNPUBLISHED<br><br>FILED: December 21, 2015 |
| Appellants. | ) ) ) | |

Cox, J. — Susan Springer appeals the judgment in this quiet title action. She argues that the court erroneously determined that she did not have an express easement over a roadway owned by her neighbors, David and Adele Erbeck. She also claims the court erroneously determined the scope of her prescriptive easement over the same roadway for one of her two tracts. Finally, she argues that the court erroneously determined that she did not have any prescriptive easement over the roadway for her remaining tract. Substantial evidence supports the trial court's findings of fact. And these findings support the court's conclusions of law. We affirm.

The properties' history is relevant here. In 1972, a developer subdivided a large parcel of unimproved real property into 16 separate tracts. Each tract in the

plat map is designated with a letter from "A" through "P." And each of these tracts is further described by a legal description on the plat map.

By statutory warranty deed dated January 17, 1974, the developer conveyed four of the tracts to Fritz W. Kuester and Mathilde Kuester, his wife. The legal descriptions of all four tracts are fully set forth in the deed. None of these legal descriptions includes language showing its letter designation ("A" through "P") in the plat map. Likewise, none of these legal descriptions includes the tract designation ("Tract A" through "Tract P") in the plat map. But it is beyond legitimate dispute that the legal descriptions in this deed correspond with the legal descriptions of Tracts C, D, E, and N, respectively, of the plat map.

This deed also contained language granting an express easement for a roadway over Tract O of the plat. The roadway is 20 feet in width and provides access to 99th Avenue N.E., a public roadway to the east of all tracts in the plat.

The disputes in this case center on who has the right to use this easement and the scope of rights to use the easement.

After they acquired Tract D, the Kuesters constructed a single family residence on the West 132 feet of this tract. They occupied this residence until the Springers purchased this tract in 1988. The Springers continued to use this residence when they purchased the property.

The Kuesters used the East 558 feet of Tract D for "haying, grazing, and raising cattle" during their ownership of this tract. Springer continued this use for similar purposes during her ownership of this tract.

In May 1974, the Erbecks purchased Tract O from the developer by real estate contract. This tract is subject to the roadway easement that we previously described.

By statutory warranty deed dated March 15, 1988, Mathilde Kuester, a single woman as her separate estate, conveyed Tract D to Ross N. Springer and Susan S. Springer, husband and wife.

By statutory warranty deed dated March 17, 1988, Mathilde Kuester, a single woman as her separate estate, also conveyed Tract C to Ross N. Springer and Susan S. Springer, husband and wife. This deed also purports to convey a 20 foot wide easement with this tract.

In October 2013, David and Adele Erbeck commenced this quiet title action against Susan Springer. They sought declaratory and injunctive relief with respect to the roadway over their property, Tract O. In her answer, Springer sought a determination that she had express easement rights to use the roadway on Tract O to obtain access to Tracts C and D. Alternatively, she sought a determination that she has prescriptive easement rights to use the roadway to obtain access to these two tracts.

At trial, the parties stipulated to the admission into evidence of 48 exhibits. Moreover, they also stipulated that Springer had a prescriptive easement over the roadway owned by the Erbecks to obtain access to her residence. That residence is located on the West 132 feet of Tract D. The stipulation did not include any agreement as to the East 558 feet of Tract D.

The trial court concluded that Springer had no express easement rights to use the roadway. But the court also determined that she had acquired a limited prescriptive easement right to use the roadway to obtain access to the residence located on the West 132 feet of Tract D. This was based, in part, on the parties' stipulation at trial.

The court also determined that she had a limited easement right to use the roadway to obtain access to the East 558 feet of Tract D for "pasture, grazing and raising cattle." Finally, the trial court concluded that Springer failed to prove a prescriptive easement to use the roadway for the benefit of Tract C.

Springer appeals.

## EXPRESS EASEMENT

Springer argues that the trial court improperly concluded that she had no express easement over the roadway to obtain access to Tracts C and D. We hold that she failed in her burden to prove any express easement rights in the roadway over Tract O, the property owned by the Erbecks.

We construe deeds to give effect to the parties' intentions and pay particular attention to the grantor's intent "'when discerning the meaning of the entire document.'"[1] We use the deed's language as a whole to determine the

---

[1] Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc., 168 Wn. App. 56, 64, 277 P.3d 18 (2012) (quoting Zunino v. Rajewski, 140 Wn. App. 215, 222, 165 P.3d 57 (2007)).

parties' intent.[2] When construing a deed, we give meaning "to every word if reasonably possible."[3]

A deed is ambiguous if it is capable of two or more reasonable meanings.[4] We do not consider extrinsic evidence if the deed's plain language is unambiguous.[5] But if the deed is ambiguous, we may consider extrinsic evidence to ascertain the parties' intent.[6] This evidence includes "the circumstances of the transaction" and the parties' subsequent conduct.[7] But extrinsic evidence cannot be used to "'vary, contradict or modify the written word.'"[8] We also construe the deed against the grantor if the parties' intent remains in doubt.[9]

"Interpretation of a deed is a mixed question of fact and law."[10] The parties' intent "is a question of fact, and the legal effect of their intent is a question of law."[11] After a bench trial, our "review is limited to determining

---

[2] Id.

[3] Id.

[4] Id. at 66.

[5] Id. at 64.

[6] Id. at 65.

[7] Id.

[8] Miller v. Kenny, 180 Wn. App. 772, 793, 325 P.3d 278 (2014) (quoting Hollis v. Garwall, Inc., 137 Wn.2d 683, 695, 974 P.2d 836 (1999)).

[9] Newport Yacht Basin Ass'n of Condo. Owners, 168 Wn. App. at 65.

[10] Id. at 64.

[11] Affiliated FM Ins. Co. v. LTK Consulting Servs. Inc., 170 Wn.2d 442, 459 n.7, 243 P.3d 521 (2010).

whether substantial evidence supports the [trial court's] findings and, if so, whether the findings support the conclusions of law."[12] Substantial evidence exists as "long as a rational trier of fact could find the necessary facts were shown by a preponderance of the evidence."[13]

"Unchallenged findings of fact are verities on appeal."[14] We review de novo conclusions of law.[15]

We start with examination of the January 17, 1974 statutory warranty deed by which the developer conveyed certain tracts to the Kuesters. That deed contains the following legal descriptions:

> The East 690 feet of the South 330 feet of the North 1730 feet of Section 24, Township 30 North, Range 5 East, W.M.;
> EXCEPT 99th Avenue N. E.
> The East 690 feet of the South 330 feet of the North 1380 feet of Section 24, Township 30 North, Range 5 East, W.M;
> EXCEPT 99th Avenue N. E.
> The East 690 feet of the South 330 feet of the North 1050 feet of Section 24, Township 30 North, Range 5 East, W.M;
> EXCEPT 99th Avenue N. E.
> The South 330 feet of the North 1380 feet of the West 660 feet of the East 1350 feet of Section 24, Township 30 North, Range 5 East, W.M.;
> TOGETHER WITH an easement over the South 20 feet of the North 1400 feet of the East 1350 feet of Section 24, Township 30 North, Range 5 East, W.M.[16]

Springer argues that this legal description is unambiguous. She further claims that the express easement described in the last three lines of this legal

---

[12] In re Det. of P.K., 189 Wn. App. 317, 326, 358 P.3d 411 (2015).

[13] In re the Welfare of A.W., 182 Wn.2d 689, 711, 344 P.3d 1186 (2015).

[14] Id.

[15] State v. Jones, 186 Wn. App. 786, 789, 347 P.3d 483 (2015).

[16] Trial Exhibit 5.

description applies to Tracts C and D, which are described earlier in this deed. While we agree that the legal description is unambiguous, we disagree with this argument.

As the trial court indicated in its oral decision, there can be no serious dispute that the legal descriptions in the deed describe four tracts of real property, not one. At oral argument of this case on appeal, counsel for Springer properly conceded that this is correct.

Thus, the question is whether the express easement applies only to the last tract of the four tracts described in the deed or to all of these tracts. To the extent it applies to all tracts, then Tracts C and D, now owned by Springer, benefit from that express easement. Otherwise, they do not benefit.

As the trial court correctly decided in construing the deed, the description for each tract is contained in a paragraph ending with a period. Semicolons are used to separate the two-part description within each paragraph.

For example, the first two lines of the legal description of the first tract ends with a semicolon. The last line ("EXCEPT 99th Avenue N.E.") ends with a period. This pattern is replicated for the next two tracts described in the deed.

The legal description for the fourth tract is different. That description states that it conveys the following property:

> The South 330 feet of the North 1380 feet of the West 660 feet of the East 1350 feet of Section 24, Township 30 North, Range 5 East, W.M.;
>
> TOGETHER WITH an easement over the South 20 feet of the North 1400 feet of the East 1350 feet of Section 24, Township 30 North, Range 5 East, W.M.[17]

---

[17] Id.

The first three lines of this description address fee title to the property. The "Together With" language that follows addresses the express easement. Notably, a semicolon separates the description of the fee title conveyed from the express easement that goes with it. And the description of the easement is followed by a period.

Thus, the deed unambiguously shows that the preceding three tracts do not benefit from the easement. This supports the trial court's conclusion that the easement applies only to the last of the four tracts described in the deed.

Further, even if the deed were ambiguous, extrinsic evidence supports the court's conclusion. The trial court used evidence extrinsic to the deed to correlate the four tracts to the original plat map and the descriptions on that plat map. This was proper.

When one compares the tracts on the plat map with those in the deed, it is clear that the developer conveyed Tracts C, D, E, and N, as shown on the plat map. Moreover, it is also clear from this comparison that Tract N contains the "Together With" language pertaining to the easement at issue in the case, and no other tract relevant to this case does. Accordingly, the express easement is for the benefit of Tract N and crosses Tract O, owned by the Erbecks. It is not for the benefit of either Tract C or Tract D, both of which are now owned by Springer.

This interpretation makes sense. When one examines the plat map, it is clear that both Tract C and Tract D abut 99th Avenue N.E. Tract N does not abut this public right of way. Thus, Tract N requires the roadway easement over Tract

O to obtain access to the public roadway. In contrast, neither Tract C nor Tract D needs the roadway easement for this purpose—both tracts abut the public roadway.

These observations are consistent with the developer's testimony that was also the subject of a stipulation at trial.[18] This developer prepared the deed at issue. According to the stipulation, the developer testified that the 1974 sale to the Kuesters "was not intended to include, or grant to [them] any easement rights over and across the Erbecks' parcel (Parcel O), for the benefit of either of Springer['s] parcels (Parcels C or D), for the reason that said parcels had direct access to 99[th] Avenue Northeast."[19] This testimony demonstrates that the grantor intentionally granted an express easement for Tract N only.

To summarize, the punctuation pattern in the deed, the correlation of the legal descriptions in the deed with those in the plat map, and the testimony of the developer as to his intent show that there is only one reasonable interpretation of the deed. They show the developer's intent to limit the express easement to benefit Tract N. It was not intended for the benefit of Tracts C or D.

Springer argues that the punctuation in the deed "simply creates a list of items and should be interpreted as such."[20] She cites authorities to support the proposition that doing so in this case permits the conclusion that the easement in

---

[18] Trial Exhibit 1.

[19] Id.

[20] Appellant Susan Springer's Reply Brief at 2.

the deed applies to all of the tracts described, not just Tract N. This argument is wholly unpersuasive.

Here, the grouping together of the legal descriptions of the four tracts conveyed is not a mere list. As explained above, there is no dispute that the legal descriptions in the deed describe four tracts of real property, not one. The punctuation pattern in the deed also demonstrates that the legal descriptions are purposefully grouped together to expressly grant an easement for Tract N only. Additionally, even if the deed were ambiguous, evidence extrinsic to the deed shows that the grouping of the legal descriptions is not a list. We have uncontroverted evidence of the grantor's intent to convey an easement limited to Tract N. We also have uncontroverted evidence from the plat map that is consistent with the grantor's intent. In short, the rule that Springer attempts to apply to this case does not apply at all.

Springer also argues that the trial court improperly used extrinsic evidence to interpret the deed because it unambiguously conveyed a 20-acre parcel with an easement for the entire parcel.[21] Not so.

Based on the punctuation pattern in the deed, the only reasonable interpretation of the deed is that it conveys four separate parcels and expressly grants an easement only for Tract N. Thus, there is no reasonable argument that the deed unambiguously grants an easement for a 20-acre entire parcel.

Lastly, Springer argues that she has an express easement over the Erbecks' roadway because the Kuesters included an express easement in the

---

[21] Susan Springer's Opening Brief at 11.

10

deed when they conveyed Tract C to her.[22] This claim is also without support in the record.

The Kuesters included an express easement over the Erbecks' roadway in the March 17, 1988 deed granting Tract C to Springer.[23] But they had no express easement to grant, as discussed earlier, and a "grantor of property can[not] convey . . . greater title or interest than the grantor has in the property."[24] Accordingly, Springer may not rely on this deed to establish her rights.

## PRESCRIPTIVE EASEMENTS

Springer argues that the court erroneously determined that she did not have prescriptive easement rights for Tract C, and improperly determined the scope of her prescriptive easement rights for Tract D. We again disagree.

Easements provide the right to use another's real property without owning it.[25] Easement rights can be obtained by adverse use, also known as prescription.[26] "'Prescriptive rights . . . are not favored in the law, since they necessarily work corresponding losses or forfeitures of the rights of other persons.'"[27] A person claiming a prescriptive easement bears the burden of proof and must prove the following elements:

---

[22] Id. at 14.

[23] Trial Exhibit 6; Trial Exhibit 7.

[24] Firth v. Hefu Lu, 146 Wn.2d 608, 615, 49 P.3d 117 (2002).

[25] Kiely v. Graves, 173 Wn.2d 926, 936, 271 P.3d 226 (2012).

[26] See 17 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 2.7, at 99 (2d ed. 2015).

[27] Gamboa v. Clark, 183 Wn.2d 38, 43, 348 P.3d 1214 (2015) (quoting Nw. Cities Gas Co. v. W. Fuel Co., 13 Wn.2d 75, 83, 123 P.2d 771 (1942)).

(1) use adverse to the right of the servient owner, (2) open, notorious, continuous, and uninterrupted use for the entire prescriptive period, and (3) knowledge of such use by the owner at a time when he was able to assert and enforce his rights.[28]

"The period required to establish a prescriptive easement is 10 years."[29] Adverse use means that the claimant used a landowner's land without the landowner's permission.[30]

To satisfy the continuous and uninterrupted use element, the claimant need not "prove constant use" of the property.[31] "'[T]he claimant need only demonstrate use of the same character that a true owner might make of the property considering its nature and location.'"[32] Additionally, "[t]he extent of the rights acquired through prescriptive use is determined by the uses through which the right originated[,] [and that] [t]he easement acquired extends only to the uses necessary to accomplish the purpose for which the easement was claimed."[33]

Whether the prescriptive easement elements have been established is "a mixed question of law and fact."[34] Factual findings must be supported by

---

[28] Dunbar v. Heinrich, 95 Wn.2d 20, 22, 622 P.2d 812 (1980).

[29] Id.

[30] Gamboa, 183 Wn.2d at 44.

[31] Lee v. Lozier, 88 Wn. App. 176, 185, 945 P.2d 214 (1997).

[32] Id. (quoting Double L. Properties, Inc. v. Crandall, 51 Wn. App. 149, 158, 751 P.2d 1208 (1988)).

[33] Id. at 187.

[34] Gamboa, 183 Wn.2d at 44.

substantial evidence.[35] This court reviews de novo the trial court's "'conclusion that the facts . . . constitute a prescriptive easement.'"[36]

### Tract C

Springer argues that the trial court used the incorrect legal standard when it determined that her use was not continuous and not interrupted. Specifically, she argues that the court improperly focused on her use of the roadway to graze cattle, and failed to evaluate her use of the roadway for agricultural purposes. We disagree.

During trial, Springer testified that she and her husband purchased Tracts C and D in 1988, and grazed cattle on both properties beginning in 1990. Thus, 1990 would have been the beginning of any prescriptive period for grazing cattle on Tract C.

She further testified that she had cattle in 1991 and 1993 through 1997. She testified that in 1999, she and her husband had an agreement with a neighbor to share in feeding the Springers' and the neighbor's cattle. After the dissolution of her marriage, Springer sold her cattle and entered into an agreement with the neighbor that allowed him to board his cattle on her property. In exchange, he did yardwork for her. From 2007 to the trial date, only the neighbor's cattle remained on Tract C.

In the trial court's oral decision and the findings of fact that followed, the court decided that Springer's use of the roadway to obtain access to her property for grazing cattle fell short of the 10 year prescriptive period required to establish

---

[35] Newport Yacht Basin Ass'n of Condo. Owners, 168 Wn. App. at 63.

[36] Gamboa, 183 Wn.2d at 44 (quoting Lee, 88 Wn. App. at 181).

her claim. We agree. It was her burden to prove all elements of her prescriptive easement claim for the full 10 year period. She did not.

There is no testimony as to Springer's use of the roadway for cattle grazing purposes between 1999 and 2007. Because the prescriptive period on this use began to run in 1990, she was required to show continuous use until 2000. Springer fails to fill the gap in time after 1999. Thus, substantial evidence supports the trial court's finding that Springer did not continuously use the roadway for the required purpose for 10 years. This finding of fact supports the trial court's conclusion that Springer failed to establish prescriptive easement rights over the roadway for the benefit of Tract C.

Moreover, her testimony for the period after 2007 fails to establish her use of the property for cattle grazing purposes from that time to trial. This is consistent with the trial court's oral decision.

Springer also testified that she conducted other activities on this tract. But her testimony concerning clearing of the property was in connection with cattle grazing that began in 1990. She fails to establish that she continued this activity for the prescriptive period of 10 years. The same applies to the planting of trees and the maintenance of fences on this tract.

We note that the supreme court recently decided Gamboa v. Clark.[37] While we need not rely on that case to decide this one, its teachings are important to note.

---

[37] 183 Wn.2d 38, 348 P.3d 1214 (2015).

There, the original owners split a 42-acre parcel into two parcels.[38] The Gamboas and Clarks owned the two adjoining parcels, separated by a gravel road.[39] Both parties used the roadway for many years and were aware of the other party's use.[40] Neither party objected until the parties disputed ownership of the land on which the roadway was situated.[41] A land survey determined that a small portion of the road was on the Gamboas' property and that the rest was on the Clarks' property, until the road reached an area where the Gamboas had an express easement over the Clarks' property.[42]

The trial court determined that the Gamboas' use was adverse to the Clarks' rights.[43] The supreme court determined whether an initial permissive presumption existed in prescriptive easement cases.[44] In doing so, it resolved a conflict between the divisions of the court of appeals.[45]

The supreme court concluded that "an initial presumption of permissive use to enclosed or developed land [exists where] there is a reasonable inference of neighborly sufferance or acquiescence."[46] The court reasoned that applying

---

[38] Id. at 40.

[39] Id.

[40] Id.

[41] Id.

[42] Id.

[43] Id. at 42.

[44] Id. at 43.

[45] Id. at 46.

[46] Id. at 47.

this presumption "incentivizes landowners to allow neighbors to use their roads for the neighbors' convenience," and that "[n]ot applying a presumption of permissive use in these circumstances punishes a courteous neighbor by taking away his or her property right."[47] But the court determined that "a claimant may defeat the presumption of permissive use when the facts demonstrate (1) 'the user was adverse and hostile to the rights of the owner, or' (2) 'the owner has indicated by some act his admission that the claimant has a right of easement.'"[48]

After determining that such a presumption existed, the supreme court stated that "[w]hat constitutes a reasonable inference of neighborly sufferance or acquiescence is a fairly low bar" and "cited the following as an example of a neighborly accommodation: 'persons travel[ing] the private road of a neighbor in conjunction with such neighbor and other persons, nothing further appearing.'"[49]

The court then determined that the evidence supported a reasonable inference of neighborly sufferance or acquiescence, finding that the Gamboas and Clarks were "neighbors and . . . used the road for their own purposes in conjunction with each other without incident."[50] The court also determined that the Gamboas failed to overcome the permissive use presumption.[51] Specifically, the court stated that:

_____

[47] Id. at 48-49.

[48] Id. at 51-52 (quoting Nw. Cities Gas Co., 13 Wn.2d at 87).

[49] Id. at 51 (alteration in original) (internal quotation marks omitted) (quoting Roediger v. Cullen, 26 Wn.2d 690, 711, 175 P.2d 669 (1946)).

[50] Id. at 51.

[51] Id. at 52.

16

the Gamboas cannot demonstrate either that they interfered with the Clarks' use of the roadway or that the Clarks indicated that the Gamboas had an easement over the driveway. The Gamboas' occasional blading of the road did not interfere with the Clarks' use of the road in any manner . . . . Indeed, the trial court found that both parties "used the roadway . . . without any disputes until 2008. Each party was aware of the other's use of the roadway, but no one objected to the other's use until a dispute arose in 2008."[52]

Thus, the court concluded that the Gamboas "failed to establish a prescriptive easement."[53]

Here, the trial court did not make an express finding that Springer's use of the roadway to obtain access to Tract C was presumptively permissive. We note that it did so for the Kuesters, the predecessors in interest to Springer, for Tract D in unchallenged factual finding 22.[54] Had the trial court made this express finding for Springer, Gamboa might apply.

From our review of the record, it appears arguable that had the court been asked to make a similar finding concerning the presumptively permissive use of the roadway to obtain access to Tract C, it could have done so. But this court does not make factual findings. Only the trial court does so. It is sufficient for our purposes to note that such a finding might have been made if the request had been made. We need not further address the potential application of the principles of Gamboa to this case.

---

[52] Id.

[53] Id. at 53.

[54] Clerk's Papers at 11.

*Tract D*

Springer argues that the trial court essentially subdivided Tract D and limited her use of the parcel. This argument mischaracterizes the trial court's ruling. The court did not subdivide Tract D. It only limited how she could use the easement to obtain access to each tax parcel of this tract.

Based on the Kuesters' use of the roadway, the trial court concluded that they had a prescriptive easement for access to the residence in which they lived during their ownership. This use ripened to a prescriptive right prior to the March 1988 conveyance to Springer. This right was limited to the West 132 feet of Tract D.

The parties also stipulated that Springer obtained prescriptive easement rights over the roadway owned by the Erbecks to obtain access to her residence located on the West 132 feet of Tract D. The stipulation did not include any agreement as to the East 558 feet of Tract D. Thus, the trial court concluded that Springer obtained a residential easement to use the roadway to obtain access to the West 132 feet of Tract D, which did not "include commercial or business access."[55]

Springer's argument that the court subdivided Tract D is unpersuasive. Due to Springer's use of the Erbecks' roadway to graze cattle, maintain the pasture land, and mow and bale hay, the court determined that Springer obtained a prescriptive easement to use the roadway to obtain access to the East 558 feet of Tract D "for pasture, grazing, and raising of cattle purposes and such other

_____

[55] Id. at 27, 29.

18

customary types of uses."[56] Accordingly, the court only limited how she could use the easement.

## ATTORNEY FEES

The Erbecks request attorney fees on appeal under RCW 7.28.083(3). We conclude they are entitled to such an award, subject to compliance with RAP 18.1.

"The general rule in Washington is that attorney fees will not be awarded for costs of litigation unless authorized by contract, statute, or recognized ground of equity."[57] RCW 7.28.083(3) provides:

> The prevailing party in an action asserting title to real property by adverse possession may request the court to award costs and reasonable attorneys' fees. The court may award all or a portion of costs and reasonable attorneys' fees to the prevailing party if, after considering all the facts, the court determines such an award is equitable and just.

The Erbecks are the prevailing parties with respect to the contest over prescriptive rights to the roadway crossing their property. Springer does not contend otherwise.

RCW 7.28.083(3) uses the term "adverse possession." The present case involves prescriptive easements. But these doctrines "are often treated as equivalent[s]," and the elements required to establish adverse possession and prescriptive easements are the same.[58] Thus, we conclude that this statute applies in this case and exercise our discretion to award the Erbecks reasonable

---

[56] Id. at 3.

[57] Durland v. San Juan County, 182 Wn.2d 55, 76, 340 P.3d 191 (2014).

[58] Kunkel v. Fisher, 106 Wn. App. 599, 602-03, 23 P.3d 1128 (2001); accord 17 STOEBUCK & WEAVER, supra, § 2.7, at 99.

19

attorney fees. We award attorney fees only for issues concerning prescriptive easement rights.

Springer argues that there is no basis to award attorney fees and that the Erbecks failed to claim attorney fees under the above statute at trial. The plain words of the statute make clear that an award of fees on appeal is not contingent on any award below. Accordingly, we reject this argument.

We affirm the judgment. We grant the Erbecks reasonable attorney fees on appeal, subject to compliance with RAP 18.1.

_Cox, J._

WE CONCUR:

_Leach, J._          _Becker, J._