IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| KYLA SLOAN, formally known as KYLA ESTES, | ) ) ) | No. 79085-4-I (consolidated with 78626-1-I) |
| Appellant, | ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| JOHNATHAN M. LAVOI, | ) ) | |
| Respondent. | ) ) ) | FILED: November 12, 2019 |

HAZELRIGG-HERNANDEZ, J. — Kyla Sloan[1] seeks review of two orders entered in a parenting plan/support action in 2018. While she sets out many issues in her pro se brief, the challenges are primarily focused on rulings on visitation and child support, the imposition of a restraining order preventing contact with her child's father, and the retention of jurisdiction by the court. Because Sloan fails to demonstrate abuse of discretion by the trial court, we affirm.

## FACTS

This appeal is the second to arise out of a heavily litigated parentage and child support action. In October 2013, a final parenting plan and child support order was entered after a bench trial. The court also entered a restraining order

---

[1] Pursuant to an order entered June 25, 2018, the court granted Ms. Sloan's motion to change the caption of the proceedings to reflect her purported 2016 last name change from Estes to Sloan.

against Sloan and an order retaining jurisdiction over the case for five years. Following entry of the parenting plan, Sloan filed numerous pro se motions in an attempt to circumvent the court's jurisdiction. The parenting plan allowed Sloan to have supervised visits with her son and provided for a review hearing after Sloan completed a psychological evaluation and complied with the recommended treatment. Sloan challenged the evaluation process, failed to comply with any psychological treatment, continuously violated visitation rules and had numerous incidents with the companies tasked with supervising her visits, including threatened litigation.

Sloan eventually completed a psychological evaluation with Dr. John Slightam; a process which included interviews with Sloan and several members of her family, as well as Slightam's review of court filings. The court adopted some of Slightam's recommendations, while rejecting others. Sloan challenged the validity of Slightam's report and recommendations outright, claiming that she had never engaged Slightam for the evaluation, despite his statement to the court that he had met with Sloan and other members of her family for purposes of the court-ordered assessment. Sloan never complied with the recommended treatment.

Sloan filed a motion in May 2018 alleging that the court denied her due process of law, asking for the case to be placed in family court services, to appoint a Court Appointed Special Advocate (CASA),[2] seeking visitation/reunification with her child, termination of child support, and termination of use of the online platform,

---

[2] A CASA "is a volunteer appointed by the court to advocate for the best interests of children, most often abused and neglected children in juvenile court dependency cases." https://www.courts.wa.gov/subsite/wsccr/docs/CASA%20Evaluation%20Report.pdf

Our Family Wizard, for parent communication. In July 2018, LaVoi filed a motion to extend both the restraining order against Sloan and the court's retention of jurisdiction. In light of the extensive litigation and ongoing conflict, the court denied Sloan's motion and granted LaVoi's. Sloan timely appealed the June 2018 denial of her motion. She subsequently appealed the October 2018 order granting LaVoi's motion. Her appeals were consolidated herein.

## DISCUSSION

### I.    Parenting Plan & Child Support

A parenting plan is reviewed by this court for abuse of discretion. In re Marriage of Littlefield, 133 Wn.2d 39, 46, 940 P.2d 1362 (1997). A trial court's decision regarding custody or visitation will not be overturned absent abuse of discretion. In re Marriage of Rich, 80 Wn. App. 252, 258, 907 P.2d 1234 (1996). Abuse of direction occurs when a trial court's decision is manifestly unreasonable or based on untenable grounds or reasons. Littlefield, 133 Wn.2d at 46-47.

Sloan challenges the trial court's June 2018 order denying her motion for visitation. The judge did not abuse her discretion in denying Sloan's request for visitation when none of the conditions previously set for a review hearing had been met. The court properly weighed the evidence in determining whether Sloan had demonstrated compliance with the previous order setting conditions for review. The judge's ruling points to the continued lack of improvement by Sloan after numerous orders by the court. The judge expressly found that Sloan continued to engage in abusive use of conflict through her onslaught of litigation in this case. Further, the record demonstrates that Sloan was cautioned repeatedly that

visitation may be terminated if she continued her conduct toward LaVoi and the visitation supervisors, yet the problematic behaviors continued. The trial court did not abuse its discretion in denying visitation to Sloan.

Sloan also challenges the court's denial of her motion to terminate back child support payments. Child support orders are reviewed for an abuse of discretion. In re Marriage of Schnurman, 178 Wn. App. 634, 638, 316 P.3d 514 (2013). The legislative intent of enacting statutes to govern child support is "to insure that child support orders are adequate to meet a child's basic needs and to provide additional child support commensurate with the parents' income, resources, and standard of living." RCW 26.19.001. Child support obligations are determined based on a standard calculation formula. State ex rel. M.M.G. v. Graham, 159 Wn.2d 623, 627, 152 P.3d 1005 (2007). After the calculation is determined, the court will order a support transfer payment, which is "the amount of money the court orders one parent to pay to another parent or custodian for child support after determination of the standard calculation and deviations." RCW 26.19.011(9).

It is within the trial court's discretion to weigh evidence in determining if a change in circumstance has occurred warranting a change in a child support order. The order awarding child support that Sloan sought to modify through her 2018 motion was reviewed and affirmed by this court in a 2014 unpublished opinion. In re Parentage and Support of L.L., No. 70921-6-I (Wash. Ct. App. Sep. 22, 2014) (unpublished), https://www.courts.wa.gov/opinions/pdf/709216.pdf. Sloan's motion sought termination of a back child support order on the grounds that the

court was not "able to provide any evidence of where the child has resided, where the child is and if the child is okay" but fails to cite any authority that would demonstrate such a requirement for the court, much less a requirement that would be tied to the payment of back support. Her motion does not discuss the needs of the child or Sloan's ability to pay and the record does not include any financial evidence associated with the motion. While Sloan does include a citation to federal poverty guidelines and one of the Washington State child support statutes in her briefing, there is no indication from the record that these arguments were presented for the court's consideration of her motion at the trial court. The trial court did not abuse its discretion in denying Sloan's motion for termination of child support.

II.     No Contact Order

Sloan also challenges the October 2018 order granting an extension of the restraining order against her. We review the trial court's decision to grant an extension for abuse of discretion. "Whether to grant, modify, or terminate a protection order is a matter of judicial discretion." Freeman v. Freeman, 169 Wn.2d 664, 671, 239 P.3d 557 (2010). The judge provided extensive findings in the order to extend the restraining order against Sloan. In particular, the court found that Sloan's continued abusive use of conflict was a primary basis to extend the restraining order and that continued restriction on contact was in the best interest of the child. Sloan does not challenge any of the factual findings made in the order. We treat unchallenged findings as verities on appeal. Zunino v. Rajewski, 140 Wn. App. 215, 220, 165 P.3d 57 (2007).

Further, Sloan fails to cite to any legal authority to support her claim that the order was improperly extended. Instead, her briefing focuses on an unrelated matter where she was the protected party in an anti-harassment order. The trial court did mention that case in the context of finding that Sloan has engaged in a similar pattern of litigation abuse toward other parties. We decline Sloan's invitation to reexamine[3] the allegations and findings contained in that extraneous matter within the context of this parenting plan and child support action. Neither will we rely upon that decision for the purpose of reviewing the court's credibility determinations as to the restraining order with her son's father. We find no abuse of discretion as to the extension of the restraining order.

III.    Other claims

Sloan challenges the trial court's October 2018 order retaining jurisdiction in the case. However, RCW 26.27.211 authorizes such a retention of jurisdiction over a case in circumstances like the instant case. Had either party filed a petition for modification, that modification proceeding would be a new action under RCW 4.12.040 and allow for the parties to seek disqualification of the judicial officer. But that is not the procedural posture of the case here. Sloan argues in her briefing that retention of jurisdiction is evidence of bias by the court and returns to her discussion of the unrelated anti-harassment case to support her position. She does not discuss any of the statutes set out above. Sloan fails to demonstrate abuse of discretion by the trial court as to the retention of jurisdiction.

---

[3] The matter was reviewed by this court in the unpublished decision <u>Kyla Sloan v. Kayla Benson</u>, 77520-1-I (Wash. Ct. App. Jan. 14, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/775201.pdf

Sloan also seeks review of the trial court's denial of her request to terminate the use of the My Family Wizard online communication platform, her request for the assignment of a CASA and transfer of the case into Family Court Services. Sloan fails to cite any relevant legal authority as to why the lower court's denial of these requests was improper, or as to a legal basis that could support these forms of relief. Sloan's briefing does cite to the involuntary commitment statute, however this is not relevant authority in a parenting plan case. We will not consider claims without proper citation to the record or legal authority. RAP 10.3(a)(6). See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); Fishburn v. Pierce County Planning & Land Servs. Dep't, 161 Wn. App. 452, 468, 250 P.3d 146 (2011).

Finally, Sloan's briefing includes a number of assertions that fall outside of the appealed orders. This court is not a trier of fact and may not consider matters outside the record of the trial court. State v. McFarland, 127 Wn.2d 322, 338, 899 P.2d 1251 (1995). Finding no abuse of discretion as to the challenged orders entered in June and October 2018, we affirm.

Affirmed

WE CONCUR: